REESE *v.* STATE OF INDIANA.

[No. 13,594. Filed May 28, 1929.]

*John T. Walterhouse* and *Thomas V. Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

ENLOE, J.—On June 29, 1925, the prosecuting attorney of Delaware county filed in the city court of Muncie an affidavit charging the appellant with being intoxicated in a public place. He also, at the same time, filed in said court an affidavit charging the appellant with operating an automobile upon a public highway while he, the appellant, was in a state of intoxication.

Upon arraignment, the appellant pleaded guilty to

the charge of public intoxication, was fined on that charge and paid his fine. As to the driving charge, he pleaded not guilty, was tried, found guilty, and from that conviction he appealed to the circuit court, where, upon trial, he was again convicted, from which conviction this appeal is prosecuted. The only alleged errors presented on this appeal relate to the action of the court in overruling his motion for a new trial.

It is the contention of appellant that, as the appellant could not drive an automobile upon the public highway, if at the time intoxicated, without then and there "appearing in a public place in a state of intoxication," and, having paid his fine for the intoxication, he cannot now be prosecuted upon the "driving" charge. This question is raised both by objection as to the sufficiency of the evidence, and by instructions tendered. We cannot concur in appellant's contention. The offense for which he paid his fine was complete when he appeared in a public place in a state of intoxication; the other offense was not complete until, being in such condition, he drove his automobile on the public highway, an act which from its very nature could but endanger the lives of others traveling upon such highway. These offenses, under our statute, are separate and distinct, and a conviction of one is no bar to a conviction for the other.

The court, by its ninth instruction, told the jury that if they found the appellant guilty, they should assess a fine of not to exceed $500, to which they should add imprisonment in the county jail or at the Indiana State Farm for a period of not less than thirty days nor more than six months. The appellant tendered an instruction which would have told the jury that if they found appellant guilty, they might, in their discretion, add imprisonment for a term of not less than ten days nor more than six months. This tendered in-

struction was in harmony with the law as expressed in Acts 1925 p. 570, ch. 213, §40, §10141 Burns 1926, and should have been given. *Newbauer* v. *State* (1928), 200 Ind. 118, 161 N. E. 826. Under the instruction given, imprisonment was mandatory if the jury found the appellant guilty, while in the instruction requested, imprisonment was discretionary. The giving of the above instruction is the only error we find, and this does not require a reversal of the whole case. But, for the error in giving said instruction, the judgment is reversed as to the imprisonment part thereof and also as to the prohibition against appellant driving an automobile for the space of six months, and the trial court is directed to expunge that part of its said judgment relating to the imprisonment of appellant and to his being prohibited from driving an automobile for the space of six months, and, in all other respects, said judgment is affirmed.