**Michael Lee WHITWORTH, Petitioner,**

**v.**

**STATE of Oklahoma, Respondent.**

**No. A–14934.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Michael Lee Whitworth, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

PER CURIAM:

This is an original proceeding in which Michael Lee Whitworth has made application for an appeal out of time of the judgment and sentence imposed in the District Court of Oklahoma County, Oklahoma, sentencing Petitioner to ninety nine years imprisonment on his conviction after a jury trial for the crime of rape in the first degree, Case No. 31531.

The appearance docket in the above case indicates that Petitioner was represented by a public defender, Mr. Bill Mounger, at his trial. At the date of Petitioner's sentencing, March 25, 1966, Petitioner was represented by Mr. Mounger and another attorney, Mr. Archibald Hill. At that proceeding after Petitioner's mo-

tion for a new trial had been overruled, notice of intent to appeal was made and the court allowed time in addition to the statutory time in which to make and serve a casemade and set Petitioner's appeal bond in the sum of ninety nine thousand ($99,000.00) dollars. On that same date the public defender, Mr. Mounger, was ordered released and discharged from further consideration of this case and the notice of intention to appeal was filed with the clerk. The only further notation in the appearance docket is that Petitioner was delivered to the penitentiary. The appearance docket does not indicate that a request was made for a casemade at public expense nor is there any indication that Petitioner or his counsel made any effort to secure a casemade.

Petitioner's application for appeal out of time does not allege any circumstances that might constitute the denial of the right to appeal. Petitioner does not allege that he was denied counsel on appeal, or that he had counsel and said counsel failed to effectively represent Petitioner, or that there was a misunderstanding as to who would perfect the appeal. Petitioner offers nothing from which we could infer that he had been denied some right relating to appellate review of his conviction.

In Oklahoma one convicted of a crime may take an appeal from such conviction as a matter of right, 22 O.S.1961, § 1051. However, it is well established that a convict may waive his right to appeal where he has knowledge of such right and fails to act to secure such within time allowed by law. Leigh v. Johnson, Okl.Cr., 440 P.2d 375.

The mere absence of an appeal of a conviction does not warrant a granting of an appeal out of time as authorized by 22 O.S.Supp.1968, § 1073, where the convict knew of said right but failed to perfect an appeal as required by law. An appeal out of time will be denied where the Petitioner fails to allege the denial of any

right relating to the right of appeal. Application denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.