**Sifredo MARTINEZ, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14789.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Frank Grayson, Oklahoma City, for plaintiff in error.

Curtis P. Harris, Dist. Atty., Jack A. Swidensky, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge.

Sifredo Martinez, hereinafter referred to as defendant, was charged, tried, and convicted in the Court of Common Pleas of Oklahoma County, Oklahoma, with the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor; the jury returned a verdict of guilty and fixed his punishment at imprisonment in the County Jail for a period of ten days, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that Officer Larry Bryson first saw the defendant asleep in his car which was parked in the parking lot of Spa Yen Club located in the 2900 block South Air Depot Road; that he approached the vehicle, knocked on the door and window and tried to awaken him; that he then opened the door, shook the defendant, and finally the defendant said something incoherent but the officer was unable to get him to his feet. At this time, the officer noticed a strong smell of alcohol about the person of defendant and then went to his car to radio for assistance. At this time, the defendant started his car and took off at a high rate of speed.

Officer Ernest Light testified that he was near Southeast 15th and Air Depot driving in a northerly direction when he received Bryson's radio call for assistance in the 2900 block Air Depot, and he immediately reversed his direction of travel. He then spotted the defendant's car and pursued and followed him to Southeast 15th Street on Air Depot Drive, and testified that the defendant was traveling at a rate of speed in excess of 75 miles per hour. The defendant stopped his car at Southeast 15th, at which time this officer approached him in his vehicle, and stated that the defendant needed assistance in walking back to Officer Bryson's patrol car. It was his opinion that defendant was too intoxicated to operate his vehicle. Officer Light further testified that at this location the defendant attempted to swing his arm at the arresting officer and a struggle ensued in his car in the officers' attempt to arrest him.

The defendant, in his testimony, stated that he did not recall ever swinging at any of the officers, but did not deny that fact. He testified that he did not realize an officer was trying to awaken him, and that he thought someone was trying to rob him or assault him, and that was the reason he started the car and left the scene, and that he was only driving to his home. He stated that he had drunk three beers and eaten a hamburger.

The only other witness was Walter L. Beck, Jr., who testified that he was an

Airman First Class and was in the same unit with the defendant; that on the night in question, at approximately 10:20, he observed the defendant leaving the parking lot while he was at Potter's Drive-In, which was situated next to the Spa Yen Club, and that he waved to him as he left.

■ Defendant's first proposition on appeal is: "Illegality of the arrest wherein defendant was aroused and awakened on private property by an officer who, under the circumstances, was a trespasser and whose acts and conduct provoked, instigated, lured and induced defendant into commission of the alleged offense which otherwise would not have been committed." We are of the opinion that the defendant's contention, as above set forth, is not properly before the Court, since he announced ready for trial, did not object to any testimony relating to the incident at the parking lot, and never questioned the legality of his arrest.[1] This Court is committed to the rule, as stated in Shirey v. State, Okl. Cr., 321 P.2d 981, that an objection to evidence obtained by an illegal arrest or search and seizure must be interposed at the first opportunity and should be made either at the beginning of the trial by motion to suppress the evidence, or during the course of the examination as soon as it becomes apparent that the State will rely thereon, and the defendant failing to make timely objection waives the right to be heard on such questions.

■ The defendant's next contention is that the trial court erred in failing to advise him of his constitutional rights prior to accepting his plea of not guilty. In dealing with this proposition, we need only observe that he was represented at time of trial by competent counsel, who never sought to withdraw his plea of not guilty, but instead announced ready and proceeded to trial without filing a motion to suppress the evidence or in any way challenging the legality of the arrest. Even assuming that the trial court did not advise him of his constitutional rights to counsel, etc., prior to the acceptance of his plea of not guilty, under the circumstances here presented, we fail to see how the defendant was prejudiced thereby.

■ In the light of the evidence as adduced on the trial, it is clear that the arresting officer stopped the defendant for driving at an excessive rate of speed and changing lanes, and although the evidence relating to the condition of the defendant's sobriety was in sharp conflict, such conflicting testimony presented a question of fact for the jury. We have repeatedly held that the jury is the exclusive judge of the weight of the evidence and credit to be given to the witnesses. Where there is a direct conflict in the evidence, or it is such that different inferences may be properly drawn from it, the jury's determination will not be interfered with upon the ground that the evidence is insufficient to sustain a conviction, where there is competent evidence in the record from which the jury might reasonably conclude that the defendant is guilty. See Hudson v. State, Okl.Cr., 399 P.2d 296.

■ Having carefully examined the record, we are of the opinion that the evidence, although conflicting, amply supports the verdict of the jury, that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.

1. In Stevison v. State, Okl.Cr., 449 P.2d 916, we cited with approval Reese v. State, 89 Ind.App. 378, 165 N.E. 780, wherein it was held that a conviction or acquittal for the offense of public drunkenness does not bar a subsequent prosecution for Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, since they were separate and distinct offenses. In view of our holding in Stevison v. State, supra, it is apparent that had the question in the instant case been properly presented to the court, it would have been resolved against the defendant.