513 P.2d 1069 (1973)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of L. B., Child-Appellant, and
concerning G. B. and N. B., Respondents.
No. 72-326.
Colorado Court of Appeals, Div. II.
August 17, 1973.
Doyle T. Johns, Jr., Dist. Atty., David L. Roberts, Deputy Dist. Atty., Fort Morgan, for petitioner-appellee.
Rollie R. Rogers, State Public Defender, Roger A. Klein, William E. Shevlin, Deputy State Public Defenders, Sterling, for child-appellant.
Selected for Official Publication.
DWYER, Judge.
This is an appeal by L.B., a child aged 13, from an order adjudicating him to be a juvenile delinquent. The judgment is based upon a finding by the court that the child on November 20, 1971, was guilty of acts which if committed by an adult, would constitute the crime of burglary as defined in 1965 Perm.Supp., C.R.S.1963, 40-3-5.
The evidence presented by the people consisted of the testimony of the arresting officer, and the child's confession. It is argued on the child's behalf that his confession was inadmissible and that without the confession there is a failure of proof of the essential elements of the offense. We agree with both arguments and reverse the judgment.
The circumstances under which the confession was made are these. The child was taken into temporary custody at approximately 6:15 P.M., and taken to the police station in Fort Morgan. It so happened that the child's father was at that time incarcerated in the city jail charged with disturbance, resisting arrest, and drunk in a public place. The child and the *1070 father were then taken to a room in the police station. In the presence of the father, the child was informed of his rights by the arresting officer who read the "standard" advisement form to the child. Then both the child and his father signed a "voluntary waiver of rights" form. The form was read and signed at about 7:00 P.M., less than one hour after the child was taken into custody. After being advised of his rights, the child confessed the crime.
The Colorado Children's Code, 1971 Perm.Supp., C.R.S.1963, 22-2-2(3)(c) provides:
"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts which would constitute a crime if committed by an adult shall be admissible in evidence unless a parent, guardian, or legal custodian of the child was present at such interrogation, and the child and his parent, guardian, or legal custodian were advised of the child's right to remain silent, that any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation, except that if a public defender or counsel representing the child is present at such interrogation, such statements or admissions may be admissible in evidence even though the child's parent, guardian, or legal custodian was not present."
The statutory requirement of the presence of a parent or guardian at the interrogation of a child by law enforcement officers is designed to provide parental guidance and assistance to the child and thereby to provide at least some minimal assurance that a child's waiver of his right against self-incrimination is knowingly and intelligently made. To effectively provide the guidance and advice contemplated by the statute, the parent must be in a position to give advice freely. A parent who is himself incarcerated is in no such position. His ability to guide and advise the child is hobbled and restrained by his own circumstances to such an extent that his mere physical presence does not satisfy the requirements of the statute concerning confessions of a child.
The child's confession, obtained without compliance with the statute, was inadmissible. The court should have granted the child's motion to suppress the confession. Absent the confession, the record is insufficient to support the finding of delinquency.
Judgment reversed and cause remanded for a new trial.
SILVERSTEIN, C. J., and COYTE, J., concur.