**Terry James STRYKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–804.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1977.

Floyd Henson, Henson & Wolf, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Allan Foster, Legal Intern, for appellee.

OPINION

BRETT, Presiding Judge:

The Appellant, Terry James Stryker, hereinafter referred to as defendant, after being certified to stand trial as an adult, was charged in the District Court, Pottawatomie County, Case No. CRF–75–111, with the offense of Robbery With Firearms, in violation of 21 O.S.1971, § 801. The defendant was tried by a jury, convicted and sen-

tenced to Life imprisonment in the State penitentiary. From this judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts are as follows. Betty Walton was working at the Handy Dandy Grocery Store located at the corner of Broadway and Highland Streets in Tecumseh, Oklahoma, on the night of January 2, 1975, when at approximately 8:45 p.m. two "boys" wearing ski masks came into the store, each bearing a silver plated pistol. They demanded the money from the cash register and left with approximately $400.00.

Ronald E. Wilson an auditor with the Oklahoma Corporation Commission witnessed two individuals wearing jackets and ski masks flee from the store carrying a small brown paper sack. When he ascertained that the store had been robbed he pursued the two individuals. Upon rounding a corner, Mr. Wilson observed the two individuals back out of a garage in a white Chevrolet pickup and drive away at a high rate of speed. He then returned to the store and informed the store's owner who then in turn informed the police.

Robert Mayo, Assistant Chief of Police of the Tecumseh Police Department, answered the call. At the intersection of Rose Drive and Broadway in Tecumseh he observed a white Chevrolet pickup at which point he began to follow said vehicle. The pickup turned onto Highway 177 headed north and Officer Mayo turned on his red lights and siren; the pickup in turn increased its speed. While pursuing the vehicle, Officer Mayo saw the passenger throw several items out of the pickup window. The pickup subsequently went through a roadblock and took the Farrel exit off Highway 177. Officer Mayo lost sight of the vehicle but was subsequently informed that it had been stopped in Shawnee.

Officer Joe LaHue of the Shawnee Police Department first observed the white Chevrolet pickup on Oakland Street in Shawnee. However, he subsequently lost sight of the pickup for a few minutes and when he relocated it, it contained only one person.

Ascertaining that the pickup had the same license number as that reported over the radio, he arrested the occupant of the vehicle.

Officer Thrasher, also a member of the Shawnee Police Department assisting in the search, heard the report that the vehicle had been located with only one occupant in it. Subsequently, he observed the defendant walking west on East Main and stopped him on the information that a suspect had been let out of the suspect vehicle in that vicinity. It was a cold night but defendant had on no jacket. The defendant was then taken to the Shawnee Police Station.

Officer Mayo interrogated the defendant in the presence of the defendant's father after reading to both of them their *Miranda* rights, and obtained a signed confession. Subsequently the defendant, accompanied by his father, led Officer Mayo to the location where he had stashed the money taken in the robbery in a sack wrapped in a jean jacket.

The next morning two silver plated pistols were recovered alongside Highway 177.

The defendant's first assignment of error is that the confession taken from defendant was not obtained in compliance with the safeguards set out in 10 O.S.1971, § 1109, and therefore should not have been admitted into evidence. Title 10 O.S.1971, § 1109, requires in part that:

"(a) No information gained by questioning a child shall be admissible into evidence against the child unless the questioning about any alleged offense by any law enforcement officer or investigative agency, or employee of the court, or the Department is done in the presence of said child's parents, guardian, attorney, or the legal custodian of the child, and not until the child and his parents, or guardian, or other legal custodian shall be fully advised of their constitutional and legal rights, including the right to be represented by counsel at every stage of the proceedings, and the right to have counsel appointed by the court and paid out of the court fund if the parties are

without sufficient financial means; provided, however, that no legal aid or other public or charitable legal service shall make claim for compensation as contemplated herein."

A review of the record reveals that the confession was given in front of the defendant's father after both the defendant and his father were advised of their *Miranda* rights, and acknowledged that they understood them.

■ However, the defense would imply that the defendant's father was not a proper person to provide effective guidance and advice. It is true that this Court recognized in *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975), that such a requirement has been construed to require more than the physical presence of a parent, and we cited *People in Interest of L. B.*, 33 Colo.App. 1, 513 P.2d 1069 (1973), for the proposition that the parent must be in a position to provide effective guidance and advice. However, in the present case there was a prima facie showing of compliance with 10 O.S.1971, § 1109, and there was insufficient proof that the defendant's father was not a proper person to provide effective guidance and advice. The mere fact that the defendant had previously been placed in the custody of the Department of Institutions, Social and Rehabilitative Services, does not prove the defendant's father to be unfit. Furthermore, there is nothing in the record to indicate that the defendant's father Ray Stryker, was at any time divested of his parental rights pursuant to 10 O.S.1971, § 1130.

■ In his second assignment of error the defendant asserts that the court made an error by allowing the introduction of evidence obtained by an illegal arrest. However, it appears from a review of the record that the defendant's contention is not properly before this Court since the defendant did not make timely objection to the introduction of the evidence in question on the grounds that it was obtained by an illegal arrest. In *Martinez v. State*, Okl.Cr., 453 P.2d 304 (1969), this Court held that:

"[A]n objection to evidence obtained by an illegal arrest or search and seizure must be interposed at the first opportunity and should be made either at the beginning of the trial by motion to suppress the evidence, or during the course of the examination as soon as it becomes apparent that the State will rely thereon, and the defendant failing to make timely objection waives the right to be heard on such questions."

Also see, *Shirey v. State*, Okl.Cr., 321 P.2d 981 (1957). Furthermore, in *Box v. State*, Okl.Cr., 541 P.2d 262 (1975), wherein the defense failed to make timely objection to the introduction of evidence obtained by an illegal search, this Court stated that:

". . . An objection to evidence obtained by illegal search is not timely when raised at the conclusion of the State's evidence by demurrer or motion for directed verdict. . . ." (Citations omitted)

We note that defendant did not object until the close of the State's case after all the evidence had been offered and admitted. Therefore, defendant's second assignment of error is without merit.

■ Defendant's third, fourth, and fifth assignments of error were not supported by any authorities, and therefore will not be considered on appeal. On numerous occasions this Court has stated that it is necessary for appellant not only to assert error, but to support his contentions by both argument and the citations of authorities. When this is not done, and it is apparent that the appellant has been deprived of no fundamental rights this Court will not search the books for authorities to support the mere assertion that the trial court has erred. See, *Sandefur v. State*, Okl.Cr., 461 P.2d 954 (1969), and *Collins v. State*, Okl. Cr., 407 P.2d 609 (1965).

For the above and foregoing reasons the judgment and sentence of the court below is *AFFIRMED*.

BUSSEY and BLISS, JJ., concur.