**Kirby Lee BICKERSTAFF, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–730.**

Court of Criminal Appeals of Oklahoma.

Aug. 8, 1983.

George Van Wagner, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Kirby Lee Bickerstaff, the appellant, was charged, tried and convicted in the District Court of Pottawatomie County, Case No. CRF–81–44, of Robbery with a Firearm, After Former Conviction of Two or More Felonies, in violation of 21 O.S.1981, §§ 801 and 51. The trial court sentenced the appellant to life imprisonment and he appeals.

The eyewitnesses, Danita Gatz and Nancy Addy, both testified that at approximately

8:30 P.M. on February 9, 1981, the appellant entered the restaurant in which they were working. He ordered a small soft drink, left and, a few minutes later, returned and approached Ms. Gatz at the front counter. She further testified that the appellant demanded all the money and, when she did not respond, he lifted his jacket to reveal the butt of a gun, which he said he would use, tucked in his waistband. The appellant then reached over the counter and took the money. After he had the money, the appellant took Ms. Gatz back to the area where Ms. Addy was working, grabbed their purses and ran out the front door.

Three days later, Officer John Moody of the Shawnee Police Department observed the appellant walking along a street in Shawnee. Officer Moody testified that he and another officer followed the appellant for a few minutes and subsequently came into contact with him. The officers searched the appellant and found a .22 caliber pistol and a pocketknife which the State later introduced as evidence. After the State rested, the trial court overruled the appellant's demurrer to the evidence in which he complained that the evidence was insufficient to show he committed the offense and that the knife was irrelevant. The appellant presented no evidence.

■ The appellant's first assignment of error is that the trial court erroneously admitted the pistol and knife as evidence because the items were obtained through an illegal arrest of the appellant. The appellant cites several cases as support for his argument that the search incidental to the arrest violated the Fourth Amendment to the Constitution of the United States.

However, a reading of the record presented on appeal reveals that the appellant neither filed a motion to suppress this evidence prior to the trial nor raised an objection on the grounds that the items were obtained through an illegal arrest. The appellant did file a motion to suppress, but that motion concerned evidence not introduced at trial. Similarly, the appellant objected to this evidence for reasons other than the illegality of the arrest and/or search.

In *Stryker v. State,* 559 P.2d 1253 (Okl. Cr.1977), this Court held that the defendant must make a timely objection to the admission of the evidence on the grounds that the evidence was illegally obtained in order to properly preserve the issue for review on appeal. Furthermore, in *Martinez v. State,* 453 P.2d 304 (Okl.Cr.1969), this Court stated that:

[A]n objection to evidence obtained by an illegal arrest or search and seizure must be interposed at the first opportunity and should be made either at the beginning of the trial by motion to suppress the evidence, or during the course of the examination as soon as it becomes apparent that the State will rely thereon, and the defendant failing to make timely objection waives the right to be heard on such questions.

*Id.* at 306. This Court has also held that a demurrer to the evidence presented after the State has rested does not constitute a timely objection to the evidence. See, *Venable v. State,* 567 P.2d 1006 (Okl.Cr.1977)); *Stryker v. State,* 559 P.2d 1253 (Okl.Cr. 1977); *Martinez v. State,* 453 P.2d 304 (Okl. Cr.1969) and *Shirey v. State,* 321 P.2d 981 (Okl.Cr.1957). Therefore, the appellant's first assignment of error cannot be reviewed by this Court.

■ In his final assignment of error, the appellant contends that the trial court erred by admitting as evidence his former felony convictions during the second stage of the proceedings. The basis for this argument is that the State did not meet two statutory requirements concerning the admission of prior convictions to enhance punishment.

The appellant first alleges that the State failed to meet its burden of showing that the judgments and sentences were final, that is, whether an appeal had either been completed or the appellant had waived his right to appeal. This Court has held that a defendant waives his right to appeal when he is aware of that right, but does not bring an appeal within the statutory time period. See, *Hill v. State,* 567 P.2d 516 (Okl.Cr.1977) and *Whitworth v. State,* 450 P.2d 851 (Okl. Cr.1969). In the instant case, the certified

**780**

copies of the judgment and sentences from the prior convictions clearly revealed that the trial court notified the appellant of his right to appeal. However, the appellant relies on this Court's statement in *Hill v. State,* 567 P.2d 516 (Okl.Cr.1977) that, "it is not permissible to presume waiver from a silent record," to make the argument that the judgments and sentences are silent as to whether the appellant timely perfected an appeal to those prior convictions; therefore a waiver of that right cannot be presumed. Although the record does not specifically state whether the appellant completed an appeal of those convictions, the fact that the convictions occurred over nine years ago reflects the finality of them.

The second requirement which the appellant maintains the State failed to meet is the showing that the convictions did not arise from the same transaction or occurrence. The Habitual Criminal Statute, 21 O.S.1981, § 51, provides that felony convictions used for enhancement purposes cannot arise out of the same transaction or series of events closely related in time and location. In *Smith v. State,* 644 P.2d 106 (Okl. Cr.1982), this Court stated that if more than one conviction resulted when the State charged the defendant with several offenses which arose out of a single episode, only one conviction could be used to enhance punishment.

The question as to which party has the burden of proof regarding whether the convictions arose from the same transaction is unsettled. In *Clonce v. State,* 588 P.2d 584 (Okl.Cr.1978), we held that the defendant has the burden to establish whether he completed the previous conviction prior to the ten (10) year limitation set forth in Section 51A of the habitual criminal statute. We assigned the burden to the defendant as he received a benefit if the prior conviction fell within the exception. In the instant case, the appellant would similarly receive a benefit if the convictions arose out of the same transaction as only one conviction would be used instead of eight. Defendants cannot receive this benefit without offering evidence whether the prior convictions were closely related. As the appellant presented

no such evidence in the instant case, this assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence of the trial court is hereby AFFIRMED.

BUSSEY, P.J., and CORNISH, J., concur.