Stephen Dale SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–639.

Court of Criminal Appeals of Oklahoma.

April 21, 1987.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Stephen Dale Smith, was tried and convicted in the District Court of Carter County of Burglary, Second Degree, After Former Conviction pursuant to 21 O.S.1981, § 1435 and 21 O.S.1981, § 51(A), Case No. CRF–83–332, and was sentenced to twenty years' imprisonment.

On September 21, 1983, at approximately 3:00 a.m., officers of the Ardmore Police Department discovered that a convenience store in that city had been burglarized. The glass door of the store was shattered and the floor safe had been uncovered. Shortly thereafter, the investigating officers, Captain Jimmy Royal and Officer Doug Inman, noticed a vehicle without its lights turned on driving away from a nearby residence. Royal instructed Inman to follow the vehicle. Inman stopped the car two blocks away and asked the driver, later identified as the appellant, Stephen Dale Smith, to return with him to the scene of the burglary. The appellant complied. Once back at the scene, Inman placed the appellant under arrest for reasons not connected to this burglary. Royal then assumed custody and read the appellant his *Miranda*[1] rights. Appellant appeared to be in control of his faculties and indicated that he understood his rights. At approximately 3:40 a.m., appellant was transferred to the custody of Detective Frank Chambers of the Ardmore Police. Appellant was again read his rights and again indicated that he understood these rights. Under questioning by Chambers at the scene, appellant confessed that he had "set up" the burglary. During this time appellant seemed to drift back and forth between rationality and irrationality allegedly because of his use of the controlled substance PCP. Chambers testified that appellant

was nevertheless lucid and rational both at the time his rights were read to him and at the time he confessed. Later that morning, at approximately 8:00 a.m., appellant was awakened at the City Jail and again questioned by Chambers. He was again given his *Miranda* rights but did not add anything further to what he had already told the police. At approximately 10:00 a.m. Chambers again interviewed appellant. Appellant was again read the *Miranda* instruction and then signed a waiver of these rights. He was lucid and rational throughout this interview, and no form of coercion was employed by Chambers. Appellant again confessed to planning the burglary and identified other persons involved in the burglary. Later that day, at approximately 2:00 p.m., appellant signed a written statement of confession transcribed by Chambers.

Appellant asserts six assignments of error. The first of these is that the trial court erred in failing to sustain his motion to suppress the confession. Appellant claims his use of PCP left him unable to voluntarily waive his rights and that his confession is therefore involuntary and inadmissible. Appellant also claims that the trial court did not follow the requirements of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), in ruling on the appellant's motion to suppress.

■ The Supreme Court's decision in *Jackson* requires a separate hearing by the trial judge concerning the admissibility of a defendant's confession once the voluntariness of that confession has been brought into question. The trial court herein conducted a separate hearing and the confession was ruled admissible. This Court will not find error in the admission of a confession into evidence unless there are insufficient grounds for the trial court's finding that the State has met its burden in proving that the appellant had knowingly and intelligently waived his rights and understood the meaning of this waiver. *Chatham v. State*, 712 P.2d 69 (Okl.Cr.1986); *Williams v. State*, 648 P.2d 843 (Okl.Cr. 1982).

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.     1602, 16 L.Ed.2d 694 (1966).

■ The use of narcotics does not conclusively render the appellant's confession involuntary. The rule in this State in determining whether a confession obtained while an appellant was under the influence of narcotics is admissible was laid out by this Court in *McCoy v. State*, 534 P.2d 1317 (Okl.Cr.1975). This standard requires that in examining the entire record of the case, this Court must find that there is sufficient evidence that the appellant was capable of voluntarily making a confession. If there is sufficient evidence, this Court will not disturb the decision of the trial judge on this question of fact. See also, *Jeffries v. State*, 679 P.2d 846 (Okl.Cr.1984); *Fred v. State*, 531 P.2d 1038 (Okl.Cr.1975); and, *Annot.*, 25 A.L.R.4th 419 (1983).

■ Here, there was sufficient testimony from police officers that the appellant was both lucid and rational when he was read his *Miranda* rights and when he confessed. The only testimony to counter this came from appellant's codefendants, neither of whom were present when he was informed of his rights nor when he confessed. Accordingly, we find no error in the trial court's admission of this confession into evidence.

Appellant's second assignment of error is that the verdict is not supported by a sufficiency of the evidence. Specifically, appellant claims there was no evidence of his entry into the convenience store, nor was there any evidence of his planning the burglary aside from his own confession.

The standard for appellate review of the sufficiency of the evidence is whether, after reviewing the evidence in a light most favorable to the State, a rational trier of fact could have found all of the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). Additionally, the definition in this State of a principal to a crime is, "All persons concerned in the commission of a crime, ... whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals." 21 O.S.1981, § 172. See also, *Frazier v. State*, 624 P.2d 84 (Okl.Cr.1981).

■ Because of the admissibility of the confession, and the clear evidence of a burglary, there is adequate evidence that appellant aided and abetted his codefendants in the commission of a burglary. We find his assignment of error to be without merit.

■ Appellant's third assignment of error is that the prosecutor engaged in improper conduct during voir dire by questioning the jury panel about any qualms they might have in imposing a life sentence. Appellant claims this was improper in that it introduced the implication that the appellant had former felony convictions and could possibly be sentenced to a life sentence under the repeat offenders statute. 21 O.S.1981, § 51.

The conduct of voir dire is a matter for the discretion of the trial court and this Court will not disturb the trial court's ruling unless that discretion has been abused. *Phillips v. State*, 650 P.2d 910 (Okl.Cr. 1982).

At the time the question was asked, the jury panel had not been instructed as to the crime charged, the possible penalties for the crimes charged, or the penalties available should the defendant be convicted as a repeat offender. It would require both an independent knowledge of the sentences available, and a careful consideration of the implications of the question asked for a juror to deduce that the appellant had prior felony convictions. It is too incredible and remote a possibility that this occurred. This Court therefore does not find error in this question being asked on voir dire.

■ Appellant's fourth assignment of error contends that the trial judge's reference to John Hinkley unfairly prejudiced the jury against the appellant, especially because of appellant's intoxication defense. Appellant has waived his right to assign anything but fundamental error to the trial judge's statement because of his failure to contemporaneously object to the statement. *Lott v. State*, 586 P.2d 70 (Okl.Cr.1978).

■ This Court accords a trial judge wide latitude in conducting a trial. *Id.*

Even where his comments may be subject to criticism, they do not necessarily constitute error. *Gaines v. State*, 568 P.2d 1290 (Okl.Cr.1977). The trial judge's comments here were made merely to acquaint the jury with the length and complexity of jury instructions by noting that the instructions in Hinkley's trial were 350 pages long and took three and a half hours to read. The trial judge gave this as one of the reasons he was supplying the jury with copies of the instructions he was about to give. The appellant's case was neither prejudiced nor were his rights affected by this comment. Consequently, there is no error.

Appellant's fifth assignment of error is that he was erroneously sentenced under 21 O.S.1981, § 51(B) which requires two or more prior felony convictions for enhancement of sentence. Appellant contends that the State failed to prove that his prior felony convictions did not arise out of the same occurrence or series of events. Therefore, appellant contends that he should have instead been sentenced under 21 O.S.1981, § 51(A) which applies where only one previous felony is used for enhancement of sentence.

Initially, it must be noted that the judgment and sentence in this case does not reflect the true record of the case. It is clear that the appellant was tried and convicted of Burglary, Second Degree, After Former Conviction of Two or More Felonies and sentenced to the minimum term of twenty years' imprisonment. However, the judgment and sentence does not reflect the use of two prior felony convictions for enhancement of sentence. Were we to find this assignment of error without merit we would then remand this case to the trial court solely for the purpose of conducting a nunc pro tunc hearing to correct the judgment and sentence to reflect the true record of the case. *Flowers v. State*, 398 P.2d 161 (Okl.Cr.1965).

■ This Court has ruled that once the State has proven that prior convictions exist, the burden of demonstrating that the statutory exception applies shifts to the defendant. It is the defendant who receives the benefit of showing that his prior convictions arose out of the same incident or series of events in that the minimum sentence required by law is reduced from twenty to ten years' imprisonment. *Bickerstaff v. State*, 669 P.2d 778 (Okl.Cr.1983).

■ The evidence presented by the appellant clearly indicates that his prior felony convictions in Garvin County did arise out of the same series of events. The record indicates that while fleeing from the site of his armed robbery of Mrs. James Stublefield, appellant pointed a pistol at Gary L. Carter to restrain him from interfering in that flight. He was convicted of Armed Robbery and pled guilty to Pointing a Weapon. The exception does apply, and the sentence must be modified. *Cardenas v. State*, 695 P.2d 876 (Okl.Cr.1985).

Appellant's final assignment of error is that the case should be remanded for a new trial because the cumulative effect of the claimed errors denied appellant a fair trial. With the exception of the erroneous enhancement of sentence noted above, there is no error in this case, and none which merits either reversal or remand. This assignment of error is without merit. *Hendricks v. State*, 698 P.2d 477 (Okl.Cr.1985).

The error in the use of the two prior felony convictions requires that the sentence be modified from twenty years' imprisonment to ten years' imprisonment, the minimum sentence for a felony after a single previous felony conviction. As MODIFIED, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.