Kenneth Masters DAHL, II, and Loretta Kay Dahl, Appellants,

v.

STATE of Oklahoma, Appellee.

No. F–85–676.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1987.

**5.** *Eckel v. Adair,* Okl., 698 P.2d 921, [1984] and *In re Hess' Estate,* Okl., 379 P.2d 851, 859 [1963].

**6.** *Owens v. Luckett,* 192 Okl. 685, 139 P.2d 806, 807 [1943] and *Eckel v. Adair, supra* note 5.

E. Alvin Schay, Public Defender, Norman, for appellants.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Kenneth Masters Dahl, II, was tried and convicted in the District Court of Grady County for the crime of Second Degree Burglary, After Former Conviction of Two Felonies in Case No. CRF–84–124, and the appellant Loretta Kay Dahl was convicted of the crime of Second Degree Burglary. Punishment was set at twenty-five (25) years imprisonment for Kenneth Masters Dahl, II, and four (4) years imprisonment for Loretta Kay Dahl, and they appeal.

During the morning hours of September 20, 1984, in Grady County, Danny and Wanda Creswell's mobile home was burglarized. Later the same day, a Blanchard police officer stopped the appellants in their pickup truck for failure to display a license plate. In the back of the truck the officer observed two television sets, two microwave ovens, a saddle, a blanket and some other items. The officer then called the dispatcher and described the items to check with surrounding counties to see if there had been any burglaries reported. In response to the call, a Grady County deputy drove out to where the appellants were being detained to assist the investigation. While the deputy was talking with appellants, he received a call from another Grady County deputy who told him what was stolen from the Creswell's home, and the items in the truck matched the description of the stolen property.

█ For their first assignment of error appellants contend that the trial court committed reversible error by failing to suppress evidence gained as a result of a warrantless search of their truck. We disagree. This Court has held that an officer, lawfully in any place, may, without obtaining a search warrant, seize from a motor vehicle any item which he observes in plain

view, if he has probable cause to believe that the item is evidence of a crime. *Reynolds v. State*, 575 P.2d 628 (Okl.Cr.1978). In this case, the officer had lawfully stopped appellants for failure to display a license plate, and observed two television sets, two microwave ovens, etc. in plain view in the back of the pickup truck. Since there had been several burglaries in that area, the officer described the items to the dispatcher when she called in for a license check. When a Grady County Deputy Sheriff responded to the call, the items were clearly linked to a burglary that had occurred earlier a few miles from where the truck was stopped. Consequently, we find no error.

■ Appellants next complain that the trial court erred by refusing to sustain their demurrer to the admission of statements by Loretta Dahl because they were uttered before they were read their *Miranda* rights. At trial, the trial court conducted an in-camera hearing concerning the admissibility of the statements, and the trial court found that the statements were voluntary. After reviewing the record, we decline to disturb the trial court's ruling. *Lott v. State*, 586 P.2d 70 (Okl.Cr.1978). Moreover, in light of the overwhelming evidence of guilt, the admission of the statements did not prejudice appellants. *See Ozbun v. State*, 659 P.2d 954 (Okl.Cr.1983). This assignment of error is without merit.

■ Appellants finally urge that there was insufficient evidence to sustain their convictions. We disagree. Appellants were stopped twelve (12) miles from the victims' home with items stolen from the victims' home in the back of the truck. Also, the tracks found at the scene of the crime were very similar to the tread on appellants' tires. Viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could have found the essential elements of the crime of Second Degree Burglary beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). This assignment lacks merit.

The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.