**Sterling BAILEY, III, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-85-82.**

Court of Criminal Appeals of Oklahoma.

March 16, 1988.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., William S. Newberry, Jr., Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Sterling Bailey, III, was tried and convicted in the District Court of Comanche County for the crime of Unlawful Possession of Phencyclidine in Case No. CRF–83–674 and was sentenced to seven (7) years imprisonment and fined one thousand dollars ($1,000), and he appeals. We affirm.

■ For his first assignment of error appellant asserts that the evidence at trial was insufficient to sustain his conviction. We disagree. The evidence at trial was that on October 2, 1983, two Lawton police officers pulled over an automobile that was weaving from lane to lane. As the officers approached the vehicle they observed appellant, who was the passenger in the car,

reaching under the seat. They then observed that appellant had something shiny in his hand, which they later discovered was a small bottle. When one of the officers opened the car door he observed appellant slinging the bottle around, and as appellant was helped from the car some liquid splashed out of the bottle and onto the officers. One of the officers testified that as he was pulling appellant from the car, appellant was shaking in an attempt to empty the contents of the bottle, and that appellant jerked away from him and spilled the liquid from the bottle on the officer's hands and clothes. Appellant then tossed the bottle on the floor of the car. The substance in the bottle was subsequently determined to be Phencyclidine (PCP).

Appellant testified that after the police stopped the vehicle, the driver handed him the bottle of PCP and told him to put it under the seat. He further stated that he was not resisting arrest but was shaking from fright, and that his pants were wet not from the liquid in the bottle but because he had urinated on them. Appellant stated that he did not know that the bottle contained a drug.

Viewing the evidence in the light most favorable to the State, we are of the opinion that a rational trier of fact could have found the essential elements of the crime of Unlawful Possession of Phencyclidine beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985). This assignment of error is without merit.

■ Appellant next alleges that certain answers and comments made by the trial judge deprived him of his right to a fair trial. After the jury deliberated, they returned to the courtroom and asked the trial judge two questions, and the judge briefly answered the jury's questions.[1]

We first observe that this assignment was waived since defense counsel did not object to the judge's remarks. *Lott v. State,* 586 P.2d 70 (Okl.Cr.1978). We also note that the jury had already reached its verdict when they propounded the questions; therefore, the verdict was not affected by the comments. Moreover, we find

---

1. THE COURT: Has the jury reached a verdict?

JUROR GARNER: Yes, sir, we have; however—

THE COURT: Okay, don't volunteer too much information. You have a question. I understand.

that the trial judge's remarks were carefully circumscribed and did not inject additional law or facts, and that appellant suffered no prejudice as a result of the brief comments. *Fogle v. State*, 700 P.2d 208 (Okl. Cr.1985). This assignment lacks merit.

■ Appellant's third assignment of error is that his punishment is excessive. He received a sentence of seven (7) years imprisonment and a fine of one thousand dollars ($1,000). The maximum sentence for Unlawful Possession of Phencyclidine is ten (10) years and the minimum is two (2) years. The sentence imposed by the jury is well within the statutory limits and does not shock the conscience of this Court. *Edwards v. State*, 663 P.2d 1233 (Okl.Cr. 1983). Additionally, we find that appellant's request that his fine be excluded is prematurely before this Court. *See Jones v. State*, 682 P.2d 757 (Okl.Cr.1984). This assignment is groundless.

Finding no error warranting reversal or modification, the judgment, sentence and fine are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.

JUROR GARNER: Yes sir, I do.
THE COURT: Okay. What is it?
JUROR GARNER: We're curious as far as on the duration of the punishment terms; for instance, if we should find the defendant guilty as it's stated in the brochure in there, it says from two to ten years. We're—
THE COURT: And a fine of up to $5,000.
JUROR GARNER: Right. We're curious as far as the fact if that should occur, you, being the judge and knowing more the specific case, do you alter the terms? In other words, we state a period of time and you feel as though this is too long or something of this effect, do you shorten those or—
THE COURT: Well, I'm not bound necessarily by what you-all say but I am certainly heavily influenced. Does that answer your question?
JUROR HEATER: Yeah.
JUROR GARNER: Yes, sir.
THE COURT: That's why we brought a jury in is to determine the question of guilt or not guilty and the punishment.

JUROR GARNER: The other question that we had pertaining to this drug is for the size of the bottle and the supposed to be quantity amount that was in it, just how valuable was that? Was that something that was classified as a very expensive drug, something that would minister fifty people per se or is that just enough of one person or—
THE COURT: Yeah, have a seat.
(Counsel approached the bench. A discussion was held at the bench, not included in the record. No longer at the bench, the following took place.)
THE COURT: About everything we do is reviewed by the higher courts, is why we have to do everything in a certain way. In answer to that comment or if that's a question that that hasn't anything to do with this case.
JUROR GARNER: Okay.
THE COURT: Okay? Anything else?
JUROR GARNER: No, I believe that's it.