**Henry Rena COBB, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–797.**

Court of Criminal Appeals of Oklahoma.

April 24, 1989.

Rehearing Denied May 31, 1989.

Johnie O'Neal, Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., W. Craig Sutter, Legal Intern, Oklahoma City, for appellee.

## OPINION

LUMPKIN, Judge:

Appellant, Henry Rena Cobb, was convicted in the District Court of Tulsa County, Case No. CRF–87–757, of Burglary in the First Degree After Former Conviction of Two or More Felonies in violation of 21 O.S.1981, § 1431 and 21 O.S.Supp.1985, § 51. He was sentenced to imprisonment for twenty-five (25) years and brings this appeal.

The sole assignment of error relates to the use of prior convictions for enhancement under 21 O.S.Supp.1985, § 51(B), therefore a recitation of facts is unnecessary. Appellant claims that the two felonies used to enhance his sentence were closely related in time and location. Section 51(B) provides in part, "Felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location."

Where the State has improperly invoked enhancement provisions under Section 51(B), this Court has modified the sentence to reflect one appropriate under section 51(A). See, *e.g., Smith v. State,* 736 P.2d 531, 535 (Okl.Cr.1987). The defendant bears the burden to show that the offenses fall within the statutory exception. *Id.*

In this case, Appellant showed that his two prior convictions arose when he was arrested on December 9, 1985, in possession of a stolen vehicle. When his personal effects were inventoried at the jail, he was also found to be in possession of phencyclidine, a controlled dangerous substance. Appellant pled guilty to charges of posses-

sion of a stolen vehicle and possession of a controlled drug, and received concurrent sentences.

The fact situation of the case presently before the Court is remarkably similar to the fact situation which arose in *Love v. State*, 675 P.2d 466 (Okl.Cr.1984). In that case the defendant was convicted of larceny of merchandise from a retailer after former conviction of two or more felonies. Two of the defendant's prior convictions resulted from his arrest on a charge of forgery while in a bar. As a part of the arrest it was discovered that he was carrying a loaded weapon. He was subsequently convicted of the forgery charge and of carrying a loaded weapon. These two convictions were used to enhance punishment in the larceny conviction. This Court determined that "the convictions stemming from these circumstances are not the type of interrelated convictions prohibited by section 51(B)."

In the case presently before the Court the Appellant's prior felony convictions arose when he was arrested for possession of a stolen vehicle. Following that arrest he was found, at the time of the book-in procedures at the jail, to be in possession of a controlled dangerous substance. Subsequently, the Appellant pled guilty to both the charge of possession of a stolen vehicle and the charge of possession of a controlled drug. This Court has previously ruled in *Love* that the coincidence of discovery of the offense is not sufficient to meet the burden of proof which is placed upon defendants in cases of this type. The act of possession of a stolen vehicle and the fortuitous discovery of a controlled dangerous substance are not the type of interrelated convictions prohibited by section 51(B). Therefore, in following the previous decisions of this Court and the guidelines set forth for determining the applicability of section 51(B), the Appellant's sentence should be affirmed in this case.

In addition, the record reflects that the Appellant objected in camera to the admissibility of both prior felony offenses and to the instruction on punishment for commission of two or more prior felony convictions. However, there was no objection to the admissibility of State's Exhibits 4 and 5, the judgment and sentence in each prior case, when offered at trial. (Tr. 115) Further, the Appellant failed to present any evidence which would provide a factual basis in support of those objections. (Tr. 115)

The issue of burden of proof of whether prior convictions used for enhancement purposes arise from the same transaction was discussed by this Court in *Bickerstaff v. State*, 669 P.2d 778 (Okl.Cr.1983). Therein this Court relied on *Clonce v. State*, 588 P.2d 584 (Okl.Cr.1978) which holds that a defendant has the burden to establish whether he completed the previous conviction prior to the ten (10) year limitation set forth in section 51(A) of the habitual criminal statute. In its discussion, the *Bickerstaff* Court set forth that the burden of proof was assigned to the defendant due to the fact that he would receive a benefit if the prior conviction fell within the exception. The Court went on to state:

> In the instant case, the appellant would similarly receive a benefit if the convictions arose out of the same transaction as only one conviction would be used instead of eight. Defendants cannot receive this benefit without offering evidence whether the prior convictions were closely related. 669 P.2d at 780.

*Bickerstaff* thereby assigned the burden of proof in matters of this nature to the defendant as an affirmative defense.

The Appellant did not present any evidence at trial that the offenses were interrelated in such a manner as to meet the criteria set forth in 21 O.S.Supp.1985, § 51(B).

Accordingly, the judgment and sentence is hereby AFFIRMED.