9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry J. STRYKER, Petitioner-appellant,
v.
R. Michael CODY; Attorney General of the State of Oklahoma,
Respondents-appellees.
 No. 93-6132.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 6, 1993.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Terry J. Stryker, an inmate of the Oklahoma Department of Corrections, Lexington, Oklahoma, is serving a life sentence imposed June 24, 1975, following a jury conviction of the offense of robbery with firearms. He appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254.
 
 
 3
 Stryker filed his petition on February 17, 1993. In a conclusory manner, he complained that because it took his court-appointed counsel and the Oklahoma state courts nineteen (19) months to process his appeal, he is entitled, pursuant to Barker v. Wingo, 407 U.S. 514 (1972) and Harris v. Champion, 938 F.2d 1062 (10th Cir.1991), to have his case dismissed or a new trial and/or a modification of his sentence to a term of 25 years.
 
 
 4
 The district court referred the matter to a United States magistrate judge for initial proceedings pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 4 Governing Section 2254 cases. The magistrate judge issued his "Report and Recommendation" on February 25, 1993. The report observed that the only factual information in support of petitioner's allegations of delay "... is that his judgment and sentence was imposed on June 24, 1975, and that his appeal was not decided for 19 months." The magistrate judge found that petitioner failed to demonstrate that he is entitled to relief pursuant to the four factors set out in Barker because he failed to "... demonstrate any prejudice caused by any delay in the appellate process, since his conviction was upheld and he remains incarcerated." We agree.
 
 
 5
 Petitioner objected to the Report and Recommendation. He contended that he was not challenging his conviction; rather, he only wished to have his case dismissed on the ground that his speedy appeal was violated. This argument is ludicrous. Stryker also objected on the ground that the court erred by not affording him equal protection of the law and due process and in finding that he had not shown cause or prejudice.
 
 
 6
 The district court entered an order adopting in its entirety the Report and Recommendation of the magistrate judge and dismissing the petition for writ of habeas corpus.
 
 
 7
 On appeal, Stryker contends that the district court erred in dismissing his petition because he raised a violation of his speedy appeal claim under the Sixth and Fourteenth Amendments and under Harris.
 
 
 8
 Petitioner's reliance on Harris is misplaced. That case involved an appeal to this court from a district court's dismissal of Harris 's petition for writ of habeas corpus for failure to exhaust state remedies. The record demonstrated that Harris was sentenced on September 29, 1988, and, concurrent therewith, he invoked his right to an appeal and requested that counsel be appointed for that appeal. On May 11, 1989, the Oklahoma Appellate Public Defender filed an application for late appeal which was granted. About one year later, the Public Defender wrote to Harris and stated that it would be at least three years before that office could file his brief on appeal. Because of that delay, Harris filed a petition for writ of habeas corpus in federal district court, alleging constitutional deprivations both at trial and in the denial of his right of appeal. The federal district court dismissed Harris's petition for failure to exhaust state remedies. This court reversed and remanded for an appropriate remedy. It is significant that we there observed that in cases of unconstitutional delays in the state appeal process ". .. the most typical remedy is to order the defendant released from custody unless the state court hears the petitioner's appeal within a clearly-defined, relatively short period of time (such as 90 days)." (Footnote omitted). Id. at 1070.
 
 
 9
 Harris has no application here because Stryker's conviction was affirmed by the Oklahoma Court of Criminal Appeals over 16 years ago, on January 24, 1977. See Stryker v. State, 559 P.2d 1253 (Okla. Cr.1977).
 
 
 10
 We AFFIRM.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3