**Robert W. BRADFORD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Appellee Below).**

**No. 46A03–8901–CR–00019.**

Court of Appeals of Indiana, Third District.

March 12, 1990.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Robert W. Bradford appeals the trial court's order revoking his probation.

The facts relevant to this appeal disclose that on May 2, 1988 defendant pled guilty to burglary, a Class C felony. On that same day defendant was granted probation. A preliminary hearing was held on August 15, 1988 after defendant's probation officer filed a petition to revoke probation. At this hearing defendant requested that an attorney be appointed to represent him. The court denied defendant's request

and gave him two weeks to hire an attorney before the final hearing. At the final hearing on August 29, 1988, defendant again requested an attorney informing the court that he had been unable to secure the services of a private attorney. The judge questioned defendant on his finances and then proceeded with the hearing without advising the defendant of his decision on the right to counsel. Defendant's probation was revoked.

One issue raised by appellant is dispositive of this appeal: whether the trial court erred in failing to appoint counsel for him after his requests at the preliminary and final hearings for court-appointed counsel.

 A probationer is entitled to representation by counsel at a probation revocation hearing. IND.CODE § 35–38–2–3(d) (1988 Ed.). It is a judicial function to determine whether counsel shall be appointed at public expense and this determination is within the sound discretion of the trial judge. *Moore v. State* (1980), Ind., 401 N.E.2d 676, 678. The trial court's decision may be reviewed only for an abuse of discretion. *Clifford v. State* (1984), Ind., 457 N.E.2d 536.

 Defendant advised the court that he had been represented by a court-appointed attorney at his guilty plea hearing in May 1988. He told the court that he had since been employed but that he could not afford an attorney and requested the court to appoint an attorney for him. Defendant informed the court at both the preliminary and final hearings that his income had been $250.00 a week but due to shift changes he would only be earning $140.00 a week. He stated that he had no assets and that his obligations amounted to $150.00—200.00 a week. His liabilities included loans for past attorneys and bond, payments on a wrecked car, payments to his parents for bills that they had covered for him, money for gas, and payment for court required treatment for drug and alcohol abuse. He advised the court that he had attempted to secure the services of an attorney but that private attorneys wanted a retainer fee of $500.00—$600.00.

The court in *Moore, supra*, observed that a defendant does not have to be totally without means to be entitled to counsel. A court should appoint counsel if a defendant legitimately lacks the financial resources to employ an attorney without imposing substantial hardship on himself. *Moore, supra; see also Redmond v. State* (1988), Ind., 518 N.E.2d 1095.

From reviewing the record, it is obvious the defendant did not have any assets that he could make use of nor did he have sufficient disposable income with which he could employ an attorney. The trial court should have appointed counsel to represent appellant.

Reversed and remanded for a new probation revocation hearing.

STATON and BUCHANAN, JJ., concur.