Scott L. BURNS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02–8906–CR–299.[1]

Court of Appeals of Indiana,
First District.

July 17, 1990.

Robert J. Hill, Jr., Bowman, Emery & Hill, Indianapolis, for appellant.

1. This cause was diverted to this office by order of the Chief Judge.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Scott Burns (Burns) appeals from his conviction of Operating a Vehicle While Intoxicated[2], a class D felony, Operating a Motor Vehicle While Driving Privilege is Suspended[3], a class A misdemeanor, and Failing to Stop After a Property Damage Accident[4], a class B misdemeanor. We affirm in part and reverse in part.

## FACTS

We adopt the State's version of the facts: "The facts most favorable to the judgment of the trial court show that on April 22, 1988, about 10:40 p.m., Lori and Sharon Burris were watching television in their residence overlooking the intersection of Commerce and Brookside Avenues when they heard a loud boom. Lori and Sharon rushed to the window and saw an automobile over a 'Do Not Enter' sign on a concrete island in the intersection of Commerce and Brookside Avenues. Both women immediately ran to the intersection.

Lori and Sharon then observed the automobile traveling slowly the wrong way on Brookside Avenue. After zigzagging many times across the street, the automobile stopped about nine hundred (900) feet from the intersection. Lori then summoned the police. Before the police arrived, the automobile backed up on a curb on the south side of the street. No-one exited from the automobile.

About 10:55 p.m., Indianapolis Police Officer Wallace Shobe arrived on the scene and found Scott Burns, alone, slumped on the driver's seat of a Pontiac sedan with its front doors locked. The Pontiac was in gear, its engine was run-ning and the lights were on. After gaining access to the Pontiac by opening a rear door, Officer Shobe attempted to verbally rouse Burns. He also attempted to physically rouse Burns by shaking him, pinching his arm and tapping his chest. Burns failed to stir. Officer Shobe then pulled Burns out of the Pontiac and noted that he had bloodshot, glassy eyes and the strong odor of alcoholic beverages about him. Then Officer Shobe found three (3) bottles of liquor about the front seat. Two (2) of the bottles had been opened ..."

Appellee Brief at 7–9 (citations to the record omitted). Burns was arrested for operating a vehicle while intoxicated, driving with a suspended license, and leaving the scene of an accident.

At trial, Burns presented a witness, Colleen Cunningham (Cunningham), who testified she was the driver at the time of the accident, but left the car and walked away after she hit the curb. The jury convicted Burns of the three offenses, and the court entered judgment and sentenced Burns to three years incarceration with all but forty-five days suspended.

## ISSUES

1. Whether there is sufficient evidence to support Burns's conviction of operating a vehicle while intoxicated, driving while license suspended, and leaving the scene of a property damage accident.

2. Whether the trial court erred in refusing to give to the jury Burns's tendered Instruction No. 1 regarding the defense of voluntary intoxication.

## DISCUSSION AND DECISION

*Issue One*

■ Burns contends the evidence was not sufficient to convict him of any of the offenses because it was not sufficient to show he was in control of the car when it hit the traffic sign and continued down the road. Burns relies on Cunningham's testi-

---

2. IND.CODE § 9–11–2–2 to –3.

3. IND.CODE § 9–1–4–52.

4. IND.CODE § 9–4–1–40.

mony and on the fact the car was against the curb and would not move at the time Officer Shobe found Burns in the car.

In reviewing the sufficiency of the evidence to support a conviction, we will not weigh that evidence or judge witnesses' credibility. We will consider only the evidence favorable to the verdict and reasonable inferences which flow from the evidence, and we will not disturb the verdict if there is substantial evidence of probative value to support it. *Mitchell v. State* (1989), Ind., 541 N.E.2d 265, 267.

"A person who operates a vehicle while intoxicated commits a Class A misdemeanor." I.C. § 9–11–2–2[5]. "A person may not operate a motor vehicle upon the public highways while his driving privilege, license, or permit is suspended or revoked." I.C. § 9–1–4–52(a). The person commits a class A misdemeanor if he does so.[6] *Id.* "The driver of any vehicle involved in an accident resulting in ... injury to property shall immediately stop such vehicle at the scene ..." I.C. § 9–4–1–40(a). Failure to do so constitutes a class B misdemeanor. *Id.*

The jury was entitled to evaluate all of the testimony and to give little or no credence to Cunningham's statement that she was the operator of the car at the time it hit the traffic sign and continued down the road until coming to rest with the rear wheels on the curb. The jury also was entitled to consider the testimony of Lori Burris and Sharon Burris that only one person was in the car which hit the traffic sign and continued zigzagging the wrong way on a one-way street and that no one exited the car during that period or after the car came to a stop until Officer Shobe arrived. Finally, the jury was able to weigh Officer Shobe's testimony that he found Burns alone in the driver's seat of the car with the car in gear, its lights on, and its engine running, with two open liquor bottles on the front seat, and that he was unable to rouse Burns who smelled strongly of alcohol and had glassy, bloodshot eyes. We find the evidence more than sufficient to show Burns was the sole operator of the vehicle at the time of the offenses charged and the car was operable at the time the offenses were committed. Therefore, we hold the evidence was sufficient to support the jury's convictions of Burns for all three offenses.

*Issue Two*

■ Burns contends the trial court erred in not giving Burns' tendered instruction No. 1 which read as follows:

"You are instructed that a defendant in the State of Indiana can offer a defense of voluntary intoxication to any crime. If intoxication, whether it be involuntary or voluntary, leaves the defendant with no ability to form intent, then under our constitution and under the firmly established principles of the *mens rea* required in all criminal offenses, he cannot be held accountable for his actions, no matter how grave or inconsequential they may be. *Terry v. State* (Ind.1984), 465 N.E.2d 1085. *Sills v. State* (Ind. 1984), 463 N.E.2d 228."

Supplemental Record at 37.

When we review a trial court's refusal to give a tendered instruction we consider: (1) whether the tendered instruction correctly states the law; (2) whether the evidence supports giving the instruction; and (3) whether the substance of the tendered instruction was covered by the other instructions given. *Hughes v. State* (1989), Ind., 546 N.E.2d 1203, 1211.

■ A defendant's knowledge an injury accident has occurred is a necessary element of a prosecution under I.C. § 9–4–1–40, even though the State need not prove actual knowledge and a jury, by examining circumstances surrounding the

---

**5.** However, the violator "commits a Class D felony if: (1) he has a previous conviction of operating while intoxicated; and (2) the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation ..." I.C. § 9–11–2–3. Burns does not contest the fact he previously was convicted of operating a vehicle on February 25, 1986, while he was intoxicated.

**6.** Burns does not contest the fact that his license was suspended or revoked at the time of the accident or that he was aware of that fact.

event, may infer a defendant knew an accident occurred or people were injured. *Micinski v. State* (1986), Ind., 487 N.E.2d 150, 152–3. We hold *Micinski* applies to a prosecution of a property damage accident under I.C. § 9–4–1–40, as well as to a prosecution of a personal injury accident. Therefore, Burns's knowledge that a property damage accident had occurred was a necessary element of the charge of failing to stop after a property damage accident. However, the State need not have proved Burns's actual knowledge of the accident. The jury, by evaluating the circumstances, could have inferred Burns knew an accident occurred and property was damaged.

"Any factor which serves as a denial of the existence of *mens rea* must be considered by a trier of fact before a guilty finding is entered ... A defendant in Indiana can offer a defense of voluntary intoxication to any crime." *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1088. "To negate intent, intoxication must be of such a degree as to deprive the defendant of the power to deliberate or to form the necessary design or guilty intent. Whether a defendant's intoxication prevented him from forming the requisite intent is a question of fact for the jury and one upon which the defendant bears the burden." *Melendez v. State* (1987), Ind., 511 N.E.2d 454, 457–58.

■ Because Burns's knowledge that a property damage accident had occurred was an element of the crime, an instruction of voluntary intoxication to attempt to negate that *mens rea* was in order. Burns's tendered instruction was thus a correct statement of the law. Furthermore, the evidence discussed in Issue One supported giving an instruction about voluntary intoxication. Finally, the substance of the tendered instruction No. 1 was not covered by other given instructions. We conclude the trial court committed reversible err in refusing to give tendered instruction No. 1 as to the charge of failing to stop after a property damage accident.

■ Burns's tendered instruction No. 1 does not correctly state the law as to driving while intoxicated because it suggests the offense of driving while intoxicated requires the State to prove a *mens rea* element. We have held that proof of a *mens rea* element was not required for a conviction of driving while intoxicated causing death, an offense under IND.CODE § 9–11–2–5. *See Smith v. State* (1986), Ind.App., 496 N.E.2d 778, *trans. denied.* We reasoned the State must prove only that: (1) the person operated a vehicle, and (2) was in a state of intoxication at the time of operation. *Id.* at 782. The State is not required to prove *mens rea.* Therefore, the trial court properly refused Burns's tendered instruction No. 1 as to the driving while intoxicated charge.

■ Burns relies on *State v. Keihn* (1989), Ind., 542 N.E.2d 963 for his contention that his tendered instruction No. 1 correctly stated the law as to the offense of driving while license suspended and the other charged offenses. In *Keihn*, our supreme court held merely that the State must prove a defendant charged with driving while license suspended knew of the suspension. Although the court also stated in dicta that a mental state is presumptively an element of an offense, the court stated such a presumption could be overcome by a consideration of factors indicating no mental state was intended by the legislature. *See Keihn*, 542 N.E.2d at 967.

*Keihn* does not hold the State must prove a driver had *mens rea* as to the element of driving a vehicle and our consideration convinces us the legislature did not intend to require such proof. As noted above, Burns does not contest the fact his license was suspended or revoked at the time of his accident or that he was aware of that fact. Therefore, a voluntary intoxication defense to *mens rea* would have been inappropriate and an instruction regarding such defense improper. We hold the trial court did not err in refusing to give to the jury Burns's tendered instruction No. 1 as to the driving while license suspended charge.

We reverse the conviction of failing to stop after a property damage accident, but affirm the convictions of operating a vehicle while intoxicated and operating a mo-

tor vehicle while driving privilege is suspended.

Affirmed in part and reversed in part.

SHIELDS, P.J., and ROBERTSON, J., concur.