Larry N. HENRIOTT,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 31A01–9006–CR–253.

Court of Appeals of Indiana,
First District.

Nov. 29, 1990.

---

———————

McDaniel, Biggs & Ollis, Michael J. McDaniel, New Albany, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant, Larry N. Henriott (Henriott), appeals the trial court's denial of his motion to correct error which he filed following his jury convictions for driving while intoxicated, a Class A misdemeanor,[1] and public intoxication, a Class B misdemeanor.[2] He presents three issues for our review which are:

I. Whether there was sufficient evidence to support his conviction for driving while intoxicated.

II. Whether the jury rendered inconsistent verdicts.

III. Whether there was sufficient evidence to support his public intoxication conviction.

We affirm.

### FACTS

The facts most favorable to the jury's verdict reveal that on April 25, 1989, two police officers, Elbert Bays and William Carver, were dispatched to the scene of a single vehicle accident on State Road 64. When they arrived, they discovered Henriott's severely damaged pickup truck which appeared to have rolled over alongside the road. Henriott told the officers that he lost control of his truck when he swerved to avoid an automobile that was blocking the roadway. The officers did not see any automobile blocking the roadway.

As Officer Carver was talking to Henriott at the accident site, he noticed that Henriott smelled of alcoholic beverages, his face was flushed, and he was unsteady on

his feet. After Officer Carver advised Henriott of Indiana's implied consent law,[3] Henriott agreed to submit to a chemical breath test. Officer Carver took Henriott to the police station where he asked Henriott to perform two field sobriety tests. Henriott swayed when he attempted to walk heel to toe in a straight line and missed his nose when he tried to touch it with his finger. The administration of a breathalyzer test revealed Henriott had a blood alcohol content of 0.11%. Henriott testified at trial that he drank four alcoholic drinks between approximately 7:00 p.m. and midnight on the night of the accident.

Henriott was tried by a jury and convicted of driving while intoxicated and public intoxication. The jury acquitted Henriott of driving with a blood alcohol content of .10% or more.

### DISCUSSION AND DECISION

#### I.

██ Henriott first challenges the sufficiency of the evidence to sustain his driving while intoxicated conviction claiming there was insufficient evidence establishing his impaired condition due to alcohol consumption. When reviewing the sufficiency of the evidence, this court will not reweigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. We will consider only the evidence most favorable to the verdict, together with all reasonable and logical inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value to support the jury's conclusion, the verdict will not be disturbed. *Id.*

The statutory definition of "intoxicated" is contained in IND.CODE 9–11–1–5 which provides:

"Intoxicated" means under the influence of:

(1) alcohol;

(2) a controlled substance;

(3) any drug other than alcohol or a controlled substance; or

———————

1. IND.CODE 9–11–2–2.

2. IND.CODE 7.1–5–1–3.

3. IND.CODE 9–11–4–1.

(4) any combination of alcohol, controlled substances, or drugs;

such that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to such an extent as to endanger any person.

This court has held that the element of impairment was sufficiently established when, in addition to a blood alcohol test result in excess of .10%, the defendant ran his vehicle off the road and failed some field dexterity tests. *Clark v. State* (1987), Ind.App., 512 N.E.2d 223.[4] Here, Henriott ran his car off the road. He smelled of alcoholic beverages, his face was flushed, he was unsteady on his feet, and he failed two dexterity tests. Further, Henriott admitted he was drinking alcohol before the accident and the results of a breathalyzer test indicated there was alcohol in his blood. There was sufficient evidence of impairment to establish Henriott's intoxication.

## II.

■ Henriott next contends that the jury rendered inconsistent verdicts by finding him guilty of driving while intoxicated and not guilty of the lesser included offense of driving with a blood alcohol level of .10% or more. Henriott claims that the inconsistency violates his rights under the Double Jeopardy clause of the Fifth Amendment to the United States Constitution.

Henriott fails to persuade us that the jury reached inconsistent verdicts. Henriott was convicted of driving while intoxicated which is set forth in IND.CODE 9–11–2–2 as:

A person who operates a vehicle while intoxicated commits a Class A misdemeanor.

The definition of intoxicated, as recited in Section I, does not require proof of a blood alcohol content. As this court has stated, "[a] defendant may be found guilty of oper-

ating a vehicle while intoxicated irrespective of the defendant's blood alcohol content, and further, without ingesting alcohol at all." *Sering v. State* (1986), 488 N.E.2d 369. To establish the offense of driving while intoxicated, the State is required to establish that the defendant was impaired, regardless of his blood alcohol level. *Hurt v. State* (1990), Ind.App., 553 N.E.2d 1243. As we stated in Section I, the State adequately established the element of impairment to sustain Henriott's conviction of driving while intoxicated. Henriott's acquittal of driving with a blood alcohol content of .10%, or more, is not inconsistent with his conviction for driving while intoxicated.

## III.

■ Henriott finally contends there was insufficient evidence to establish the offense of public intoxication. He bases his claim on the State's failure to establish his intoxication. As we have stated in the previous two sections, the State presented sufficient evidence of intoxication.

Henriott's claim that his conviction should be reversed because the police failed to comply with IND.CODE 16–13–6.1–32(c) is without merit. IND.CODE 16–13–6.1–32 provides:

Sec. 32. Any police officer or peace officer making arrest for public intoxication may:

(a) If the person is unmanageable or is causing damage to himself or others, take him into custody for criminal processing in the city lock-up or county jail; or

(b) If the person is manageable and not causing damage to himself or others, issue a citation and (1) take him to his home or relatives, or a responsible person who is competent and willing to provide care, assistance, and treatment if such is in reasonable proximity; or (2) take him to an approved public or private

---

**4.** Henriott's attempt to distinguish *Clark* from the case at bar is unpersuasive. Henriott argues that unlike the defendant in *Clark,* he offered an excuse for running his car off the road, that the effect of the wreck caused him dizziness and disorientation, and that the jury acquitted him

of operating a vehicle with .10% or more of alcohol in his blood. This is merely an invitation for this court to reweigh the evidence which is precluded by our standard of review. *Alfaro, supra.*

treatment facility or to the city lock-up or county jail if no facility is available;

(c) Any person to be taken to the city lock-up or county jail shall be evaluated at the earliest possible time for nonalcoholic factors which may be contributing to the appearance of intoxication.

The statute provides options to police officers for the placement of individuals who the officers arrest for public intoxication. Here, however, Henriott was not arrested for public intoxication. Rather, he was arrested for his intoxication as it related to his driving. The record reflects that the public intoxication charge was later added by the State's amendment to the Information. Accordingly, the statute does not apply.

Judgment affirmed.

ROBERTSON and GARRARD, JJ., concur.