Natalie HAGY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A05–9310–CR–397.

Court of Appeals of Indiana,
Fifth District.

Sept. 13, 1994.

Nancy A. McCaslin, McCaslin & McCaslin, Elkhart, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

RUCKER, Judge.

Defendant–Appellant Natalie Hagy appeals the trial court's order revoking her probation and reinstating her previously sus-

pended sentence. Hagy raises a single issue for our review which we rephrase as whether she knowingly, intelligently, and voluntarily waived her right to counsel.

We reverse.

On August 12, 1991, pursuant to the terms of a plea agreement, Hagy pled guilty to theft as a Class D felony for which she received an eighteen-month suspended sentence and was placed on probation. Approximately one month later, on September 14, 1991, Hagy appeared in court to respond to the State's allegations that she had violated the terms of her probation. Hagy was not represented by counsel. The trial court asked Hagy what she wanted to do about an attorney, and when Hagy replied that she did not know, the court continued the case for two weeks so that Hagy could review the allegations and decide whether she wanted to be represented by counsel. At the continued hearing on September 28, 1992, Hagy appeared without counsel and agreed to the trial court placing her on intensive supervision.

On April 12, 1993, Hagy appeared in court, again without counsel, regarding allegations that she had violated the terms of the intensive supervision program. The trial judge advised Hagy that she was entitled to representation by an attorney and that she could receive appointed counsel if she were indigent. Hagy requested court appointed counsel which the trial judge granted. The case was then continued. On May 3, 1993, Hagy appeared in court with her attorney and the judge gave Hagy until June 1, 1993, to begin complying with the terms of her probation, namely: report to her probation officer at least three times a week, obtain employment, regularly attend the Second Chance Program, make an attempt to obtain her GED, and complete her community service hours.

On June 14, 1993, Hagy again appeared in court without counsel regarding allegations that she had still failed to comply with the terms of her probation. The trial judge again advised Hagy that she was entitled to counsel and asked Hagy what she wanted to do. Hagy replied that she would hire her own attorney. The case was continued for two weeks. At the continued hearing held June 28, 1993, Hagy appeared in court without counsel. The judge asked Hagy if she were representing herself, and Hagy replied yes. The hearing then proceeded. After listening to the evidence, the trial judge revoked Hagy's probation and ordered her to serve the previously imposed eighteen-month sentence. This appeal arose in due course.

■ The law is well-settled that whenever a defendant proceeds to trial without the benefit of counsel, the record must reflect that the right to counsel was voluntarily, knowingly, and intelligently waived. *Martin v. State* (1992), Ind.App., 588 N.E.2d 1291; *Mitchell v. State* (1981), Ind.App., 417 N.E.2d 364. Waiver of the right to counsel may involve an assertion by the defendant of his or her constitutionally protected right of self-representation. However, where the defendant chooses to represent himself or herself, the defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California* (1975), 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581. Following *Faretta*, our courts have required that where a defendant requests to proceed without counsel, the defendant must be fully advised regarding the dangers and disadvantages of self-representation. *Kindred v. State* (1988), Ind., 524 N.E.2d 279; *McKeown v. State* (1990), Ind.App., 556 N.E.2d 3, *trans. denied.*

■ The State does not argue that the trial court advised Hagy of the dangers or disadvantages of proceeding without counsel. Rather, relying on *Leonard v. State* (1991), Ind., 579 N.E.2d 1294, the State implies that Hagy waived her right to counsel by her background, experience, and conduct. However, in *Leonard*, the trial judge explicitly warned the defendant of the dangers and disadvantages of self-representation. *Id.* at 1296. Here, the trial judge merely asked Hagy, a nineteen-year-old high school dropout who appeared in court without counsel, "Are you just going to represent yourself today?" *Record* at 100. Hagy replied, "Yeah." *Record* at 100. The trial judge then asked the State to present its case. At

the close of the hearing Hagy was ordered to serve her eighteen-month sentence. Hagy was never advised of the dangers and disadvantages of proceeding *pro se.* The record does not support the State's argument that Hagy knowingly, intelligently, and voluntarily waived her right to counsel. The judgment of the trial court is therefore reversed.

Judgment reversed.

BARTEAU, J., concurs.

STATON, J., concurs with separate opinion.

STATON, Judge, concurring.

I concur in the opinion of the Majority. I write separately to emphasize the specific factual context of this case; that is, waiver of right to counsel at a probation revocation hearing.

A criminal defendant's right to counsel at a probation revocation hearing is provided by statute. IND.CODE § 35–38–2–3(e) (1993); *Bradford v. State* (1990), Ind.App., 550 N.E.2d 1353, 1354. However, the statute does not define the requirements for a valid waiver of this right in a probation revocation hearing, which is otherwise in the nature of a civil proceeding. *Isaac v. State* (1992), Ind., 605 N.E.2d 144, 147, *cert. denied,* —— U.S. ——, 113 S.Ct. 2373, 124 L.Ed.2d 278. In the context of right to counsel, courts have analogized a probation revocation hearing to a sentencing hearing, in which a defendant stands to lose certain rights guaranteed by state law. *See Guajardo v. State* (1989), Ind.App., 544 N.E.2d 174, 176. Accordingly, a probationer who waives his statutory right to counsel and chooses to proceed *pro se* at a revocation hearing is entitled to be fully advised regarding the dangers and disadvantages of self-representation. Because the instant record is devoid of any such advisement, I concur in the Majority's view that reversal is warranted.