**Ray VICKERS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9409–CR–349.**

Court of Appeals of Indiana.

June 29, 1995.

Steven R. Jacobs, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

SHARPNACK, Chief Judge.

Ray Vickers appeals from his convictions of resisting law enforcement, operating a vehicle while intoxicated, and public intoxication. We affirm Vickers' convictions and remand to the trial court with instructions to correct the abstract of judgment and order of judgment of conviction.

Vickers raises two issues for our review, which we restate as:

1. whether sufficient evidence supports Vickers' conviction of resisting law enforcement; and,

2. whether the trial court erred by convicting and sentencing Vickers on the three alcohol related charges: driving while intoxicated, operating a vehicle with at least ten-hundredths percent (.10%), or more, by weight of alcohol in his blood, and public intoxication.

The facts most favorable to the judgments of conviction are as follows. On October 23, 1993, Vickers drank at least a quart of gin. At approximately 1:30 p.m., off-duty deputy Michael Meek of the Marion County Sheriff's Department observed a Dodge Van traveling southbound on German Church Road. The van made a wide right turn on east 21st Street, disregarding a stop sign and driving into the oncoming lanes of traffic, forcing a car off the road and into a ditch. Meek, who was in a patrol car, activated his lights and siren and began pursuing the vehicle. The vehicle disregarded Meek, and continued weaving from the right to the left side of the road and forcing cars off of the roadway. The vehicle then turned left on Gulf Stream Drive, entering the Maple Creek subdivision. After continuing for approximately one tenth of a mile, the vehicle came to a stop, pulling up on the curb.

Meek notified his dispatch of the incident and his location. Meek approached the driver, Vickers, and requested his driver's license and registration. Meek immediately noticed that Vickers appeared to be extremely intoxi-cated, had a very strong odor of alcohol on his breath, and had a very sleepy look. Vickers' eyes were red and watery, his speech was very thick and slurred, and his motor reactions were very slow. Vickers eventually produced a Georgia driver's license. When dispatch informed Meek that Vickers' driving privileges had been suspended by the State of Georgia, Meek called for back-up.

Meek approached Vickers' van and requested that he turn off the vehicle. Vickers became "obnoxious and abusive," and stated that he could not turn off the van because he did not have a key. Meek returned to his own vehicle to wait for his back-up to arrive. At this point, Vickers put his van in gear and drove off. Meek pursued Vickers through the subdivision at a speed of approximately forty to fifty miles per hour. While continuing westbound on east 21st Street, the pursuit reached speeds of over eighty miles per hour. Vickers continued to run cars off the road and into the ditch. Because Meek was off-duty, his back-up, Deputy Chris Prichett, took over control of the pursuit.

The chase entered another densely populated residential area, continuing at high rates of speed. Vickers was driving all over the road, abruptly avoiding parked cars. Vickers came close to striking two children on bicycles. Based on safety concerns, Prichett and Meek considered discontinuing the pursuit at this point, but when Vickers turned onto Rockford Court, Prichett blocked the exit from the court. Vickers failed to stop and struck Prichett's vehicle.

Prichett requested that Vickers show his hands. When Vickers did not show his hands, Prichett drew and pointed his pistol at him. Vickers never did raise up his hands. Prichett opened the van door and pulled Vickers out of the vehicle. Upon removing Vickers from the van, Prichett observed that Vickers' movements were very slowed, that he had trouble standing, and that he could hardly walk. Eventually, a chemical test administered at the City–County building revealed that Vickers had a blood alcohol content ("BAC") of .35%.

On October 25, 1993, Vickers was charged by information with resisting law enforce-

ment, operating a vehicle while intoxicated, operating a vehicle with .10%, or more, by weight of alcohol in his blood, and public intoxication. Following a bench trial, Vickers was found guilty as charged.

At the sentencing hearing, the trial court sentenced Vickers to two years, with one year suspended, for resisting law enforcement; one year, suspended, for operating a vehicle while intoxicated; and time served, or twenty-seven days, for public intoxication, all to run concurrently. The trial court merged the operating a vehicle with a BAC of .10% or more with Vickers' conviction of driving while intoxicated, and sentenced Vickers only on the latter offense. The abstract of judgment and order of judgment of conviction, however, reflect that the court sentenced Vickers to one year for operating a vehicle with a BAC of .10% or more and one year for operating a vehicle while intoxicated.

I

The first issue raised for our review is whether Vickers' conviction for resisting law enforcement is supported by sufficient evidence. Specifically, Vickers contends that he was too intoxicated to form the requisite criminal intent to commit the offense of resisting law enforcement.

■ When we review the evidence supporting a conviction, we may not reweigh the evidence or judge the credibility of the witnesses. *Washington v. State* (1982), Ind., 441 N.E.2d 1355, 1358. Where the evidence is in conflict, we are bound to view only that evidence which is most favorable to the trial court's judgment. *Id.* If there is substantial evidence supporting the judgment, we must affirm. *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, 855.

■ In order to be guilty of the offense of resisting law enforcement, a defendant must engage in the prohibited conduct "knowingly" or "intentionally." *See* Ind.Code § 35–44–3–3(a). Indiana Code § 35–41–2–2 provides, in pertinent part:

"(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."

I.C. § 35–41–2–2(a) & (b).

■ A defendant in Indiana may offer a voluntary intoxication defense to any crime. *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1088. Vickers contends that he was so intoxicated that he could not form the requisite criminal intent, and that the State failed to prove that he knowingly or intentionally fled from the police officers. We disagree.

■ "The basic assumption underlying the [voluntary intoxication] defense is that drug and alcohol intoxication may be so severe as to prevent a person from forming a criminal intent, yet not so severe as to prevent that person from performing acts required to commit the crime." *Johnson v. State* (1992), Ind., 584 N.E.2d 1092, 1100, *cert. denied,* —— U.S. ——, 113 S.Ct. 155, 121 L.Ed.2d 105. Whether a particular defendant was so intoxicated as to be unable to form criminal intent is a question for the trier of fact. *Johnson v. State* (1983), Ind., 455 N.E.2d 932, 937; *Hoy v. State* (1983), Ind.App., 448 N.E.2d 31, 37. A voluntary intoxication defense will not succeed "if the evidence shows that appellant had the ability to perform tasks such as attempting to hide his crime, to give instructions to others, or to take himself from place to place immediately following the crime." *Montgomery v. State* (1988), Ind., 521 N.E.2d 1306, 1308, *cert. denied,* 488 U.S. 840, 109 S.Ct. 108, 102 L.Ed.2d 83.

In support of his position, Vickers directs us to his own testimony that he remembered very little of the pursuit and that he was going in and out of black spells. He also points to Prichett's testimony that after he had been apprehended, Vickers was going in and out of consciousness. Vickers invites us to reweigh the evidence—an invitation which we are not free to accept. *Washington,* 441 N.E.2d at 1358.

■ We agree with the State that there is ample evidence, set forth in detail above, that Vickers was not so intoxicated as to be unable to knowingly or intentionally flee from the police officers. As noted by the trial

court, the evidence shows that Vickers was aware that the police were following him and requesting that he stop, and that he perceived that he was in trouble and decided to flee. Additionally, as noted by the State, although Vickers' driving was extremely impaired, he was able to maneuver his vehicle so as to avoid striking parked cars.

■ A criminal defendant may have been grossly intoxicated and yet still capable of forming the requisite criminal intent. *Norris v. State* (1981), 275 Ind. 608, 419 N.E.2d 129, 132 (citing *Booher v. State* (1901), 156 Ind. 435, 60 N.E. 156). " '[M]ere intoxication of the accused, in the absence of such mental capacity resulting therefrom as will render a person incapable of thinking deliberately and meditating rationally, in forming the guilty design or intent, can not be regarded as sufficient.' " *Id.* 419 N.E.2d at 133 (quoting *Booher, supra*). We conclude that sufficient evidence supports the trial court's determination that Vickers was not so intoxicated that he could not form the requisite criminal intent. *See, e.g., Weaver v. State* (1994), Ind., 643 N.E.2d 342, 344 (evidence was sufficient to support jury's determination that notwithstanding evidence of appellant's LSD "trip," he was not so intoxicated that he was unable to form the intent to kill), *reh'g denied; Chambers v. State* (1992), Ind., 590 N.E.2d 1064, 1066–67 (evidence of intent supporting appellant's convictions, including resisting law enforcement, was sufficient, notwithstanding appellant's claims that he had ingested drugs, had blacked out, and did not remember anything leading up to stand off with police, as well as doctors' testimony that appellant did not have ability to form intent); *Norris, supra*, 419 N.E.2d at 132 (although appellant may have been suffering from PCP induced delusional paranoia and hallucinations, jury could have found that he formed criminal intent).

Vickers' conviction of resisting law enforcement is supported by sufficient evidence.

## II

The second issue raised for our review is whether the trial court erred by convicting and sentencing Vickers on the three alcohol related charges: driving while intoxicated, operating a vehicle with a BAC of .10% or more, and public intoxication. Vickers argues that the evidence does not support a conviction for all three offenses.

■ We agree with the State that the trial court did not err in convicting Vickers of both operating a vehicle while intoxicated and public intoxication. With regard to the offense of driving while intoxicated, the State was required to prove that Vickers operated a vehicle and that he was intoxicated at the time of operation. I.C. § 9–30–5–2; *Burns v. State* (1990), Ind.App., 556 N.E.2d 955, 958. The State was not required to prove that the operating of the vehicle occurred on a public road. *Huey v. State* (1987), Ind. App., 503 N.E.2d 623, 626. With regard to the offense of public intoxication, on the other hand, the State was required to prove that Vickers was in a public place or place of public resort in a state of intoxication. I.C. § 7.1–5–1–3; *McCaffrey v. State* (1988), Ind. App., 523 N.E.2d 435, 436. Vickers argues, however, that the evidence establishes only one continuous criminal transaction.

This court previously has addressed the essence of Vickers' argument, as follows:

"It is the contention of appellant that, as the appellant could not drive an automobile upon the public highway, if at the time intoxicated, without then and there 'appearing in a public place in a state of intoxication,' he cannot now be prosecuted upon the 'driving' charge. This question is raised both by objection as to the sufficiency of the evidence and by instructions tendered. We cannot concur in appellant's contention. The offense for which he paid his fine was complete when he appeared in a public place in a state of intoxication; the other offense was not complete until, being in such condition, he drove his automobile on the public highway, an act which from its very nature could but endanger the lives of others traveling upon such highway. The offenses, under our statute, are separate and distinct, and a conviction of one is no bar to a conviction for the other."

*Reese v. State* (1929), 89 Ind.App. 378, 379, 165 N.E. 780, 781. *See also Henriott v. State* (1990), Ind.App., 562 N.E.2d 1325 (holding

that sufficient evidence supported appellant's convictions for driving while intoxicated and public intoxication).

In the present case, Vickers was charged with public intoxication based on his intoxicated condition after he ran into Prichett's vehicle.[1] Vickers has failed to convince us that the conduct underlying his convictions for driving while intoxicated and public intoxication was so continuous and uninterrupted as to constitute a single transaction. Accordingly, we find no error.

Vickers argues and the State concedes, however, that Vickers' conviction for operating a vehicle with a BAC of .10% or more should have been merged with his conviction of operating while intoxicated, as the former offense is a lesser included offense of the latter. *Sering v. State* (1986), Ind.App., 488 N.E.2d 369, 376; *see also McInchak v. State* (1990), Ind.App., 560 N.E.2d 546, 549 (convictions of both driving while intoxicated and driving with a BAC of .10% or more cannot stand).

Although at the sentencing hearing the trial court properly merged the charge of operating a vehicle with a BAC of .10% or more with Vickers' conviction of driving while intoxicated, the abstract of judgment and order of judgment of conviction incorrectly reflect convictions and sentences for both offenses. In addition, at the sentencing hearing, the trial court sentenced Vickers to time served, or twenty-seven days, for public intoxication. The abstract of judgment and order of judgment of conviction, however, incorrectly reflect a sentence of one year on the conviction for public intoxication.[2]

Accordingly, Vickers' convictions of resisting law enforcement, operating a vehicle while intoxicated, and public intoxication are affirmed. This case is remanded to the trial court with instructions to correct the abstract

of judgment and order of judgment of conviction consistent with this opinion.

AFFIRMED & REMANDED.

NAJAM and HOFFMAN, JJ., concur.

---

1. Vickers was charged with public intoxication as follows: "Ray W. Vickers, on or about October 23, 1993, was found at 10335 Rockford Ct., a public place in Marion County, Indiana, in a state of intoxication...." Record, p. 2. The record reveals that Rockford Court was the location of the conclusion of the pursuit and Vickers' apprehension.

2. Vickers was convicted of public intoxication as a class B misdemeanor. I.C. § 7.1–5–1–3. A person who commits a class B misdemeanor may be imprisoned for a fixed term not to exceed 180 days. I.C. § 35–50–3–3.