Gerald W. FREDERICK, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9410–CR–392.

Court of Appeals of Indiana.

Dec. 11, 1995.

Douglas E. Ulmer, Daniel L. Lauer, Blume, Connelly, Jordan, Stucky & Ulmer, Fort Wayne, for Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Gerald W. Frederick, Jr. appeals his conviction for battery, a Class A misdemeanor. The evidence relevant to the appeal is recited below.

On the evening of March 19, 1994, Fort Wayne Police Officers Edward Cariuty and Steven Reed were dispatched to the Rock Tavern. A witness told the officers that he observed Frederick batter a woman, drag her across the gravel parking lot, hit her several times in the face, and then walk away.

The officers located Frederick and his girlfriend, the victim, across the street from the parking lot. The victim's eyes were swollen, and she was bleeding from her nose and mouth. Additionally, the victim's knees were scraped. The victim told the officers that Frederick had become angry while they were in the bar and had battered her.

Frederick was arrested and charged with battery. At his initial hearing on March 21, 1994, Frederick was informed of the charge

against him. Prior to any proceedings on that day, Frederick viewed a video tape advising him of his rights. In addition to explaining possible penalties, the advisement noted *inter alia* the right to retain and be represented by an attorney, the right to proceed without an attorney, the conditions under which counsel may be appointed at no expense to a defendant, the need to secure counsel within 10 days to meet deadlines which could result in the loss of certain rights, and the right to a speedy trial by court or jury. Frederick acknowledged viewing and understanding the advisement of rights video tape.

He was then given the opportunity to plead guilty, not guilty, or request time to speak with an attorney. Frederick pleaded not guilty and requested time to speak to an attorney. Further, at the same hearing, he acknowledged a previous conviction for public intoxication and his failure to comply with the terms of the sentence, which resulted in the issuance of a warrant for his arrest. Frederick requested additional time to comply with the terms of the previous sentence. The court allowed Frederick to enroll in a different program with which he was familiar to complete the terms of the previous sentence. The cause relative to the battery charge was continued to allow Frederick to hire private counsel.

At the continued date, Frederick complained of the cost of the program for the public intoxication charge. He requested that the court reinstate the initial terms of the public intoxication sentence which had required him to enroll in AA. He also said that he could not afford an attorney and desired the services of a public defender. Upon inquiry, the court determined that Frederick's full-time employment foreclosed his eligibility for appointed counsel. Frederick maintained that he would proceed without counsel. Frederick was informed that he was charged with a serious crime for which he should consult with counsel. The court continued the cause again.

At the next hearing, Frederick had not consulted with counsel. He again requested that the cause be set for trial at which he would represent himself.

On June 21, 1994, the trial, without intervention of a jury as requested by Frederick, was held. At trial, Frederick cross-examined witnesses, called a witness on his behalf, moved for dismissal, and gave a closing statement pointing out deficiencies in the State's case. As noted above, Frederick was convicted of battery. This appeal ensued.

As restated, Frederick raises three issues for review:

(1) whether Frederick voluntarily, knowingly, and intelligently waived his right to counsel;

(2) whether Frederick was advised of his right to a jury trial and the consequences of waiving the right; and

(3) whether the conviction is supported by sufficient evidence.

■ On review of a waiver of the right to counsel, a court limits its inquiry to whether the right was waived knowingly and intelligently. *See Houston v. State* (1990), Ind., 553 N.E.2d 117, 118. The court in *Houston* found:

"We find that the trial court did not err in allowing appellant to represent himself at trial. Appellant's repeated refusal to cooperate with counsel and failure to retain private counsel enabled him to frustrate the judicial process and avoid being brought to trial. Appellant was adequately warned by the trial court that if he chose not to employ private counsel, he would represent himself and would be given advisory counsel. Because appellant did not retain private counsel, he must have elected to proceed with advisory counsel only. . . ."

*Id.*

■ Under the circumstances, Frederick intelligently, knowingly, and voluntarily waived his right to counsel and proceeded by self-representation. While the trial court must establish that the defendant was aware of the nature, extent and importance of the right to counsel and the consequences of waiving the right, the court need not specifically inquire into all aspects of waiver. *See Seniours v. State* (1994), Ind.App., 634 N.E.2d 803, 804–805. Pertinent questions

prior to self-representation include the defendant's educational background and familiarity with legal procedures and rules of evidence. *See id.* at 805.

Here, the trial court stressed the importance of counsel and the seriousness of the charge. Frederick was given repeated opportunities to consult with counsel.

Frederick demonstrated his familiarity with the legal system by negotiating more favorable probationary terms for a previous conviction for which an arrest warrant had been issued. Further, Frederick adequately conducted cross-examination of a State's witness and presented his defense. During closing arguments, Frederick pointed to flaws in the State's case.

It is apparent that Frederick's familiarity with the legal system included attempts at manipulation. After negotiating one alteration in a previous sentence, he attempted to extricate himself from the new requirements and reinstate requirements with which he had not previously complied. Relative to his self-representation, he requested a continuance to hire counsel. He then stated that he could not afford counsel. When it was determined that his full-time employment foreclosed appointment of a public defender, he stated that he would proceed by self-representation. Essentially, Frederick is arguing that a defendant can choose to hold hostage the court's public defender eligibility determinations and trial calendar. Under Frederick's analysis, a defendant who is ineligible for a public defender and who does not hire counsel can indefinitely avoid trial. Such is not the case. *See Houston,* 553 N.E.2d at 118 (defendant's refusal to cooperate frustrated judicial process and avoided trial); *Seniours,* Rucker, J., dissenting, 634 N.E.2d at 808 (defendants requesting self-representation waive right to counsel only after advisement of importance of right and dangers and disadvantages; no such advisement necessary when by defendants' conduct, waiver of right to counsel made). Frederick cannot manipulate the system by capitalizing on his recalcitrance after he amply demonstrated his knowing, voluntary, and intelligent waiver of counsel.

■ Next, Frederick complains that he was not adequately advised of his right to a trial by jury or the consequences of failing to request such. As noted above, the videotaped advisement of rights viewed by Frederick, prior to his initial hearing, contained an advisement regarding jury trials and the need to proceed expeditiously to avoid losing certain rights. Further, at one hearing, Frederick specifically stated that he desired a trial without the intervention of a jury.

■ Ind.Crim.Rule 22 provides, in relevant part:

"A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury."

Pursuant to the statute, misdemeanor charges are tried to the bench unless the defendant makes a timely demand for trial by jury. *Belazi v. State* (1988), Ind.App., 525 N.E.2d 351, 352. Here, Frederick was advised of the right in a statement which he acknowledged at the initial hearing. He then specifically requested a trial without the intervention of a jury at a later hearing. The evidence demonstrates a valid waiver.

■ Finally, Frederick contends that the evidence is insufficient to sustain his conviction for battery. A court reviewing the sufficiency of the evidence will neither reweigh evidence nor judge the credibility of witnesses. Instead, the court will view only the evidence most favorable to the verdict, together with any reasonable inferences to be drawn therefrom. *Vickers v. State* (1995), Ind.App., 653 N.E.2d 110, 113. Additionally, a conviction may be supported by the uncorroborated testimony of the victim or by circumstantial evidence alone. *Sayles v. State* (1987), Ind.App., 513 N.E.2d 183, 186.

■ The statutory provision regarding battery, IND.CODE § 35–42–2–1 (1993 Ed.), states in pertinent part:

"(a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

(1) a Class A misdemeanor if it results in bodily injury to any other person...."

The evidence demonstrates that the officers found Frederick and his girlfriend, the victim, arguing. The victim was crying and upset. Her eyes were swollen, she had fresh blood near her nose and mouth, and abrasions on her knees. She told the officers that Frederick had beaten her and that she was in pain. The evidence is sufficient to sustain the conviction for battery, a Class A misdemeanor.

There being no finding of reversible error, the judgment of conviction is affirmed.

Affirmed.

RILEY, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent.

The majority looks to Frederick's conduct and infers, from the totality of the circumstances, that Frederick demonstrated his knowing, voluntary, and intelligent waiver of counsel. While the majority enunciates the procedural history which culminated in Frederick's decision to represent himself at his battery trial, it ignores the trial court's failure to affirmatively determine whether Frederick knowingly and voluntarily waived his right to counsel as required by the Sixth Amendment to the United States Constitution. It is the trial court's failure that warrants reversal.

The United States Supreme Court has determined that a waiver of one's right to counsel must be made knowingly, voluntarily, and intelligently and that our courts should indulge every reasonable presumption against a waiver. *Hatcher v. State* (1981), 275 Ind. 49, 414 N.E.2d 561, 564 (citing *John-son v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461).

When a defendant requests to proceed *pro se*, the defendant must be fully advised regarding the dangers and disadvantages of self-representation, and it is incumbent upon the trial court to determine if the waiver of the right to counsel is made knowingly and voluntarily. *Hagy v. State* (1994), Ind.App., 639 N.E.2d 693, 694 and *see Leonard v. State* (1991), Ind., 579 N.E.2d 1294, 1295.

The trial court *must:*

... conduct a hearing to determine the defendant's competency to represent himself and also to establish a record of the waiver. The record must show that the defendant was made aware of the nature, extent, and importance of the right to counsel and the necessary consequences of waiving such a right. Merely making the defendant aware of his constitutional right is insufficient. The trial court should inquire into the educational background of the defendant, the defendant's familiarity with legal procedures and rules of evidence, and additionally, into the defendant's mental capacity if there is any question as to the defendant's mental state.

*Seniours v. State* (1994), Ind.App., 634 N.E.2d 803, 804–805 (citations omitted).

The record reveals that prior to his court proceedings, Frederick watched a videotaped Advice of Rights in which he was informed of his fundamental right to counsel as well as his right to represent himself. On March 21, 1994, Frederick entered a plea of not guilty, indicated his desire to retain counsel, and was granted a continuance. On April 6, 1994, Frederick appeared and informed the court that he could not afford an attorney but the court determined that he was ineligible for indigent counsel and suggested he hire an attorney based upon the seriousness of the charge. Frederick asked the court if he could represent himself if he were unable to obtain counsel and the court responded that he could. Frederick returned to court on April 15, 1994, informed the court that he would represent himself at trial, and indicated he wanted a bench trial. The matter was set for trial. On June 21, 1994, Frederick

appeared *pro se* for his bench trial, represented himself, and was found guilty of battery.

The record does not indicate that the trial court conducted a pretrial hearing to determine Frederick's competency to represent himself, and the record does not reveal, beyond its bald statement regarding the seriousness of the charge, that the trial court apprised Frederick of the advantages of representation by counsel or the pitfalls of self-representation. The record fails to show that Frederick was fully informed as to the nature, extent, and importance of his right to counsel so that he could make a knowing, intelligent, and voluntary waiver of his right.

Despite these omissions, the majority looks at the totality of the circumstances and relies upon Frederick's interaction with the court to infer that Frederick sufficiently waived his right to counsel.[1] Yet, the record clearly indicates that the trial court was derelict in its duties and the majority's attempt to circumvent the trial court's failure is in error. By allowing the trial court's omissions to stand, the majority weakens the strict standard the Sixth Amendment compels us to follow in determining whether a defendant has waived his right to counsel.

Because the trial court failed to adequately advise Frederick and ensure that his waiver of his right to counsel was made knowingly, voluntarily, and intelligently, I would reverse his conviction and remand this case for a new trial.

1. In limited instances, waiver may be found if the record demonstrates that the defendant's background, experience, and conduct enable him to competently forego the right to counsel. *Seniours, supra,* at 809 (Rucker, J., dissenting). In *Kindred v. State* (1988), Ind., 524 N.E.2d 279, the Indiana Supreme Court reviewed a defendant's waiver of right to counsel claim in the context of the totality of the circumstances and determined that the defendant demonstrated his competence and his knowledge of his right to counsel. There, the record showed that the defendant claimed to have over ten years experience as a paralegal and indicated that he was involved in over three hundred adversarial proceedings. *Id.* at 283; *see also Kindred v. State* (1988), Ind., 521 N.E.2d 320. The court noted that the defendant had been involved as both a defendant and an appellant in numerous judicial proceedings. In addition, the defendant filed several motions in his own defense but at the same time frequently consulted with an assisting public defender. Based upon these circumstances, the court concluded that the defendant was not only competent to represent himself but also that he understood the pitfalls of self-representation. *Id.* at 284.

No such facts exist here. In addition to the trial court's complete failure to inform Frederick of the dangers and disadvantages of self-representation, the record does not establish that Frederick's background, experience, and conduct reflected his competence to forego his right to counsel. Instead, the majority imputes Frederick's knowing and voluntary waiver from his supposed attempt to manipulate the system. Yet, the record indicates that these delays were the result of Frederick's unsuccessful attempts to retain private counsel. Waiver cannot be implied in this instance. *See Hagy, supra* (defendant did not knowingly, intelligently, and voluntarily waive her right to counsel where trial court did not warn defendant of the dangers of self-representation and waiver could not be implied from defendant's background, experience, and conduct).