**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 12 2012, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANA M. QUIRK**
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT E. STANLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1109-CR-834 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Richard A. Dailey, Judge
Cause No. 18C02-1006-FD-80

**April 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Robert E. Stanley appeals his conviction for home improvement fraud, as a Class D felony, following a jury trial. Stanley raises four issues for our review, which we restate as the following three issues:

1.      Whether the trial court erred when it tried Stanley in absentia;

2.      Whether the trial court committed fundamental error when it permitted Stanley to twice appear without counsel; and

3.      Whether the State presented sufficient evidence to support Stanley's conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 18, 2010, Stanley knocked on the door of the home of Willard and Mary Barlage, an elderly couple in Muncie. When Willard answered the door, Stanley told him that he had done repair work for the Barlages in the past and that he had noticed the Barlages' planter was broken. Stanley then offered to fix the planter for between ninety and one-hundred dollars, and Willard agreed. After a few hours of work, Stanley then told the Barlages that the total amount due was $1,850. Shortly after paying Stanley, the Barlages decided to call the police.

On June 2, 2010, the State charged Stanley with home improvement fraud, as a Class D felony. The State also alleged Stanley to be an habitual offender. On June 2, 2011, the court held a status hearing, at which Stanley's counsel was present but Stanley was not. Stanley's counsel informed the court as follows: "Judge . . . [t]his case is scheduled for a Jury Trial on June 20th[] of this month . . . . My understanding . . . was

2

that Mr. Stanley previously appeared in Court[] and was notified of that Jury Trial date in person." Transcript at 6-7. Stanley's counsel then informed the court that he had attempted to serve notice of the trial date at Stanley's last known address, but the notice was returned.

Eighteen days later, the court held Stanley's jury trial as scheduled. Stanley failed to appear, and the jury found him guilty as charged. Stanley was also found to be an habitual offender.

Two days after his jury trial, the court learned that Stanley was being held in the Madison County Jail. The court ordered the Delaware County Sheriff to transport Stanley to the courtroom "as soon as possible." Appellant's App. at 63. On July 5, Stanley was brought before the court, and the court informed him that he had been tried in absentia and found guilty. Stanley stated that he had been in jail, and he then waived his right to a sentencing hearing within thirty days and informed the court that he would hire his own counsel before his sentencing hearing. The court responded, "All right . . . . [I]f between now and Sentencing . . . you decide that you can't afford counsel, you're going to need to let the Court know. You understand that, that's your burden." Transcript at 92. Stanley agreed that he understood that was his burden.

The court held Stanley's sentencing hearing on August 25. That day, Stanley informed the court that he needed court-appointed counsel. The court denied Stanley's request as untimely. The court then sentenced Stanley to an aggregate term of seven and one-half years executed. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One:  Trial **In** **Absentia**

Stanley first contends that the trial court erred when it tried him in absentia.  Specifically, Stanley contends that he had no actual knowledge of the trial date and that he had no chance to explain his absence at the subsequent hearing on July 5.  We cannot agree.

As our supreme court has stated:

> A defendant in a criminal proceeding has a right to be present at all stages of his or her trial.  U.S. Const. amend. VI; Ind. Const. art. I, § 13; Fennell v. State, 492 N.E.2d 297, 299 (Ind. 1986).  A defendant may waive this right and be tried in absentia if the trial court determines that the defendant knowingly and voluntarily waived that right.  Freeman v. State, 541 N.E.2d 533, 535 (Ind. 1989); Fennell, 492 N.E.2d at 299.  The best evidence that a defendant knowingly and voluntarily waived his or her right to be present at trial is the "defendant's presence in court on the day the matter is set for trial."  Fennell, 492 N.E.2d at 299 (citing Brown v. State, 181 Ind. App. 102, 390 N.E.2d 1058 (1979)).

Lampkins v. State, 682 N.E.2d 1268, 1273 (Ind. 1997).  Further, "[a] defendant's explanation of his absence is a part of the evidence available to this Court on the question of whether it was error to try him in absentia."  Id. (quotations omitted).

Here, according to the statements of Stanley's trial counsel at the June 2, 2011, status hearing, Stanley was personally informed of the trial date.  See Transcript at 6-7.  Nonetheless, Stanley did not appear for his trial on the scheduled date.  As such, the trial court did not err when it concluded that Stanley knowingly and voluntarily waived his right to be present at trial.  See Lampkins, 682 N.E.2d at 1273.

Stanley also argues that he was denied an opportunity to explain his absence at the July 5 hearing.  But at that hearing Stanley informed the court that he was in the Madison

County Jail during his trial. Thus, he was not denied an opportunity to explain his absence when he did in fact give an explanation. We also agree with the State that, Stanley's statements to the trial court aside, the record does not unequivocally demonstrate that he was actually in jail on his trial date. And if he were in jail, the record is clear that he did not inform the trial court despite his actual knowledge of his imminent trial date. Accordingly, the record supports the conclusion that Stanley knowingly and voluntarily waived his right to be present at his trial.

## Issue Two: Right to Counsel

Stanley next contends that the trial court committed fundamental error when it denied him his right to counsel during the July 5 hearing and the August 25 sentencing hearing. As this court has stated on several occasions:

> The fundamental error doctrine is extremely narrow. Sandifur v. State, 815 N.E.2d 1042, 1046 (Ind. Ct. App. 2004), trans. denied. To qualify as fundamental error, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. Id. Further, the error must constitute a blatant violation of basic principles, the harm, or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process. Id.

Rowe v. State, 867 N.E.2d 262, 266 (Ind. Ct. App. 2007).

We fail to see how either of the alleged errors was such a blatant violation that they denied Stanley fundamental due process. He does not suggest, and we cannot discern, how having counsel present at the July 5 hearing would have mattered. As noted above, he gave his explanation for his absence at that hearing, which was the apparent purpose for the hearing. And he plainly waived his right to counsel for the August 25 sentencing hearing, as the trial court determined, when he waited until that day to request

5

court-appointed counsel. It is well established that the right to counsel is waivable, and Stanley does not suggest that he was not properly advised of his right. See, e.g., Frederick v. State, 658 N.E.2d 941, 943-44 (Ind. Ct. App. 2000). We hold that neither of Stanley's allegations regarding the right to counsel demonstrates fundamental error.

## Issue Three:  Sufficient Evidence

Finally, Stanley asserts that the State failed to present sufficient evidence to support his conviction for home improvement fraud. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside.

To prove home improvement fraud, as a Class D felony, the State was required to show that Stanley was a home improvement supplier who entered into a home improvement contract with the Barlages, that both Willard and Mary were over sixty years of age, and that in contracting with them Stanley knowingly misrepresented a material fact relating to the terms of the contract or promised performance that he did not intend to perform or knew would not be performed. See Ind. Code §§ 35-43-6-12, -13. On appeal, Stanley asserts that "the witnesses presented by the State [the Barlages] failed to identify the defendant as the individual who came to the house to perform work." Appellant's Br. at 17.

6

Ignoring the fact that Stanley absented himself from his trial, and thereby denied the witnesses the opportunity to point him out to the jury, we cannot agree that the State failed to present sufficient evidence of Stanley's identity. Both Willard and Mary testified that they saw Stanley, and another State witness, Muncie Police Officer Jesse Winningham, testified that both Willard and Mary picked Stanley's photograph out of an photo array. That evidence is sufficient to support the verdict.[1]

Affirmed.

RILEY, J., and DARDEN, J., concur.

---

[1] The State suggests that the trial court's sentencing order "might" need to be clarified because the court ordered the habitual offender enhancement to run "consecutive" to the felony conviction. Appellee's Br. at 27. But the State also recognizes that, "[o]f course[,] the habitual offender part of the sentence is an enhancement, and not a separate sentence." Id. Stanley does not appeal the sentencing order or otherwise suggest that it is unclear. Accordingly, we do not believe a remand for clarification is necessary in this case.